May Term,
1837.

Maxam
v.
Wood.

</div>

---

Maxam and Another *v.* Wood.

If an appeal from a justice's judgment was not objected to in the Circuit Court for being taken too late, the Supreme Court will presume,—the record not showing the contrary,—that the appeal was taken in time.

A justice of the peace has no authority to try titles to real estate.

It does not necessarily follow, because the general issue is pleaded to an action of trespass *quare clausum fregit,* that the title to the land will be the subject of inquiry.

Trespass *q. cl. fr.* before a justice, not guilty pleaded, and judgment for the plaintiff. Appeal to the Circuit Court and judgment there for the plaintiff. The subject of inquiry at the trial was not shown by the record. *Held,* that the Supreme Court must presume, that the title to the land was not in question at the trial.

If, on an appeal to the Circuit Court, the statement of demand filed before the justice be amended in substance, the plaintiff must pay the costs which had previously accrued.

ERROR to the *Gibson* Circuit Court.

BLACKFORD, J.—An action was brought by *Wood* against *Sylvester* and *John Maxam* before a justice of the peace. The

<div style="text-align:right">

Tuesday,
May 30.

</div>

38

May Term,
1837.

Maxam
v.
Wood.

following statement of the cause of action was filed:—"*James Wood* complains of *Sylvester Maxam* and *John Maxam* or either of them, for taking from off his land on the first of *June* or thereabouts, a quantity of timber, by which he is damaged to the amount of 20 dollars; and therefore he brings suit and prays judgment.—*James Wood.*" The justice tried the cause on the 10th of *October*, 1835, and gave a judgment for the plaintiff.

On the 13th of *November*, 1835, the justice filed in the clerk's office of the Circuit Court, a transcript of his judgment.

In the Circuit Court, the plaintiff asked leave to amend the statement of his demand so that it might read as follows:— "*James Wood* complains of *Sylvester Maxam* and *John Maxam*, for taking from off his land, in the county of *Gibson*, on the first day of *June*, 1835, or thereabouts, a quantity of timber, by which he is damaged to the amount of 20 dollars; and therefore he brings suit and prays judgment.—*James Wood.*" The defendants objected to this amendment, unless the Court would order the plaintiff to pay the costs which had previously accrued in the suit. The Court permitted the amendment to be made, but refused to make any order on the plaintiff for costs. Judgment in the Circuit Court for the plaintiff.

One objection to these proceedings, made by the defendants, is, that the record does not show when the appeal was taken. But as there was no motion made in the Circuit Court to dismiss the appeal, we must presume, the record not showing the contrary, that the appeal was taken within the prescribed time.

Another objection made is, that as the general issue may be considered, under the statute, to have been filed, the title to land was in question, and the justice therefore had no jurisdiction. A justice of the peace, it is true, has no authority to try titles to real estate. Rev. Code, 1831, p. 297 (1). It must be observed, however, that the general issue, in this case, did not necessarily show that the title to land was to be a subject of inquiry. Assuming this to be an action of trespass *quare clausum fregit*, it could not be known by the plea, whether the plaintiff would be obliged to prove, as respected the land, any thing more than that he had possession of it when the trespass was committed. The action is founded on possession, and there is nothing, therefore, in the foundation of the action,

which necessarily requires an investigation of the title. 2 Phillips's Ev. 132. The defendants might have a good defence under the general issue, without making any claim to an interest in the land; and unless they made such a claim on the trial, the cause would require no inquiry respecting the title. See *Parker* v. *Bussell*, and *Smith* v. *Harris*, Nov. term, 1834. The record does not inform us what took place at the trial of this cause; and we must presume, in favour of the judgment, that no question was there raised relative to the title of the land.

It is further contended by the defendants, that the Court, upon allowing the cause of action to be amended in substance, by striking out the words "or either of them," should have made the order which was applied for respecting the costs. In this the defendants are correct. They were, under the circumstances of the case, entitled by the statute to an order for the costs which had previously accrued. Stat. 1833, p. 112.

*Per Curiam.*—The judgment is reversed as to the costs, &c., and affirmed as to the residue. To be certified, &c.

*W. T. T. Jones*, for the plaintiffs.
*J. Pitcher*, for the defendant.

(1) Accord. Rev. Stat. 1838, p. 364. The law now is, that if in any cause before a justice, the title to real estate be put in issue by the pleadings, or appear by the proof to be necessarily involved in the cause, the justice must, within 20 days, file a transcript of the proceedings, with the papers, in the office of the clerk of the Circuit Court; and the suit must then proceed in that Court as if it had been there commenced. Stat. 1839, p. 36.