*R. P. De Hart,* for appellant.

*D. D. Pratt,* for appellee.

---

## BEACH *v.* LIVERGOOD.

Suit commenced before a justice of the peace for trespass to lands, alleged to
belong to the plaintiff. The damages were laid at $25; and the plaintiff

recovered, before the justice, one dollar and seventy-five cents. On the trial of the cause, on appeal, in the Court of Common Pleas, the defendant gave in evidence a deed, to show that the title to the land was in the plaintiff's wife; and thereupon the Court dismissed the cause, on the ground that the title to real estate was in issue.

*Held*, that as the plaintiff's recovery, on appeal, was not limited by the amount of the recovery before the justice, and as the amount claimed was more than $10, an appeal will lie to this Court.

*Held*, also, that if the plaintiff was in the possession and occupancy of the land, the defendant could not be permitted, under the general issue, to prove title in a stranger, under whom he did not justify.

*Held*, also, that the Court erred in determining that the title to real estate was in issue, before the defendant had made proof that he claimed under the plaintiff's wife, in whom the title was shown to be.

Nov. Term, 1860.

BEACH
v.
LIVERGOOD.

APPEAL from the *La Grange* Common Pleas.

Friday,
January 25.

HANNA, J.—Suit, for trespass on lands, alleged to "belong to" the plaintiff, and of which he is averred to be the "owner," commenced before a justice; damages claimed, $25; trial; judgment for plaintiff for one dollar and seventy-five cents. Appeal by defendant to the Court of Common Pleas. On the trial in the Common Pleas, the defendant introduced a deed, to show that the title to the land was in the wife of the plaintiff; it was admitted over the objection of the plaintiff, who thereupon moved to join his wife as co-plaintiff, which was overruled, and the Court thereupon dismissed the case, on the ground that the title to land was in question. Appeal by plaintiff to this Court.

It is insisted by the appellee that this Court has no jurisdiction, because of the amount in controversy; and we are referred to *Webb* v. *Thorpe*, 12 Ind. 451; 2 R. S., p. 158.

The statute is, that from all final judgments an appeal lies, except in actions originating before a justice, where the amount in controversy, exclusive of costs, does not exceed $10.

Here the amount sued for exceeds $10. The recovery below, after an appeal, did not limit the plaintiff to the sum so recovered; but if he had recovered judgment in the Court of Common Pleas, it might have been for the amount so demanded: so that amount was really in controversy.

The opinion in *Webb* v. *Thorpe*, does not show that any greater sum than that recovered before the justice was

demanded, and does not therefore conflict with this view of the statute.

The statute provides, that the lands of a married woman shall be her separate property, as fully as if she was unmarried; but that she shall not have power to encumber, &c. such lands, except by deed, in which her husband shall join. 1 R. S., p. 321.

The action of trespass was originally for an injury to the possession of property, 2 Greenl. Ev. § 613; and the title thereto was not necessarily involved. *Id.* But under the plea of *liberum tenementum*, the defendant might show that the freehold was in himself. *Id.* 626. So, under the plea of not guilty, he might show that the freehold and immediate right of possession was in himself, or in one under whom he claims title; thus disproving the plaintiff's allegation, that the right of possession is in him. *Id.* 625. But where the plaintiff is in possession and occupation, the defendant will not be permitted, under the general issue, to prove title in a stranger under whom he does not justify. *Id.,* and note. As evidence of the matters of defense here relied on was admissible without plea—2 R. S., p. 455—it could only be determined by the course of that evidence, whether the title to real estate was in issue, in such form as to oust the Common Pleas of jurisdiction. *Id.* 18.

As the deed introduced did not show that the freehold was in the defendant, it was not, alone, sufficient to authorize the Court in determining that the title to the land was in issue; for, as we have seen, it should have been followed by other evidence, showing that the defendant claimed under the person having that title. The order in which a party may present his evidence is not, usually, controlled by the Court; and, therefore, the objection of the plaintiff to the introduction of the deed, as evidence, was not well taken; for the Court could not know but that it would be followed by the additional proof necessary. But the Court erred in immediately determining that the title to the land was in issue, without requiring this additional proof; because if not given, that already offered amounted to nothing, as it was such as should not have been received, unless so followed up.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

Nov. Term, 1860.

R. *Parrett*, for appellant.
A. *Ellison*, for appellee.