JEMISON *v.* WALSH.

COMMON PLEAS COURT.—*Jurisdiction.*— *Vendor's Lien.*—The Court of Common Pleas has jurisdiction to enforce a vendor's lien on real estate for unpaid purchase money.

SAME.—*Title to Real Estate.*—To deprive the Court of Common Pleas of jurisdiction in an action, on the ground that the question of the title to real estate is involved, that question must be the principal thing to be determined.

PROMISSORY NOTE.—*Partnership.*—The fact that the maker of a note paya-
ble to a firm was one of the firm at the time of its execution, if any
defense to an action thereon against the maker by one of the late firm to
whom the other members except the maker have assigned their interest in
the note, only goes to the amount of recovery.

SAME.—The action may be maintained, though there has been no final set-
tlement of partnership accounts, and there are outstanding credits and
liabilities.

SAME.—*Extension of Time.*—Suit on a note payable one day after date.
Answer, setting out a written agreement by the parties, made three days
after the execution of the note, that in consideration of a sale then made
of a stock of goods, to the maker, he should first pay *two* other notes
executed at the date of said agreement to the same payee, due six and
twelve months after date, the same to be paid off with the proceeds of
said goods, and that after they were so paid, the note in suit should be
paid.

*Held,* that this agreement did not extend the time at which the notes last
executed became due, but did extend the time for the payment of the note
in suit one year from the date of said agreement.

PRACTICE.—*Judgment.—Form of.— Vendor's Lien.*—The complaint averred
that the consideration of the note was the sale of a town lot to defendant;
that a bond to convey the same to him had been executed, and he had
been placed in possession, and before bringing suit a deed (which
was filed in court) had been tendered and payment demanded. Judg-
ment, in accordance with the prayer, for the amount of the note and inter-
est, and that the same be declared a lien upon the land.

*Held,* that the facts stated in the complaint did not entitle the plaintiff to
this relief, but as no exception was taken to the form of the judgment,
this court could not even modify it.

APPEAL from the Johnson Common Pleas.

RAY, C. J.—Action upon a promissory note given by appel-
lant, who was defendant below, to J. M. Sergant & Co., a
firm composed of appellee, John M. Sergant, and David
Stilly. It is averred that by an arrangement in adjusting
the affairs of said firm, Sergant and Stilly before the com-
mencement of the action sold their interest in the note to
the appellee, and they were made defendants to answer as
to their interest therein. The consideration of the note
was the sale by Walsh and Sergant of a town lot to the ap-
pellant, and a bond to convey the same to him had been
executed, and he had been placed in possession, and before

bringing the suit a deed had been tendered and payment demanded. The deed was filed in court. Judgment was asked, and that the same be made a lien upon the lot sold.

A demurrer was filed to the complaint, on the ground that the court had no jurisdiction of the subject matter of the action. This was overruled. It is insisted that an action to enforce a vendor's lien involves the question of the title to real estate. A vendor's lien is in the nature of an equitable mortgage, and as the Common Pleas Court has jurisdiction to enfore the contract when this equity is merged in a legal instrument, there can be no force in the objection, as it was held in *Wolcott* v. *Wigton,* 7 Ind. 44, that the title to real estate must be the principal thing to be determined, or the jurisdiction exists. The appellant filed an answer in several paragraphs. The first was a statutory denial. The second alleged, that at the time of the execution of the note, the firm of J. M. Sergant & Co. consisted of the persons stated in the complaint, together with the appellant, and that he had not disposed of his interest in the note.

To this paragraph a demurrer was sustained. The fact stated, if it constituted any defense whatever, only went to the amount of the recovery. It would not be required that the appellant should unite with the appellee in an action against himself upon his own contract.

The third paragraph alleged a mistake in drafting the note, that it should have been made payable one year after date, instead of one day after date, and that three days after its execution a new contract in writing was made by the parties, wherein the sale of the town lot and execution of the note are recited, and it is agreed that in consideration of a sale then made to said appellant of a stock of goods, that said appellant is first to pay two notes, executed at the date of the agreement to John M. Sergant & Co. for $2,099.18 each, one due six months and the other twelve months after date, and the same are to be paid off with the proceeds of said goods and merchandidse so sold by said J. M. Sergant & Co., and after the said notes are so paid, then the said

Jemison is to pay said Walsh and Sergant the said sum of six hundred and fourteen dollars and ninety-nine cents with accruing interest, and thereupon the said Walsh and Sergant agree to execute a deed for said property. It is assigned as error that a demurrer was sustained to this paragraph.

The effect of the contract was simply to require the payment of the two notes mentioned, in six and twelve months, and as much earlier as the proceeds resulting from the sale of the goods would enable the appellant to liquidate the debt. It required the application of the money realized upon the goods to the discharge of the notes, but did not extend the time when they became due. The contract did, however, extend the time for the payment of the note in suit, one year from the date of the written contract, but as that time had expired before the commencement of the action, the appellant was in default upon that note.

The fourth paragraph avers that when the note was executed the appellant was a member of the firm of J. M. Sergant & Co., the payees of the note, and that there had never been any final settlement of the accounts of said firm, and there were outstanding credits and liabilities of said firm, and until final settlement the extent of his liability cannot be ascertained.

The demurrer to this paragraph was, perhaps, sustained in the hope that a forced compliance by appellant with his contract would enable a final and satisfactory adjustment of accounts to be made between the members of the late firm. This seems a reasonable view.

There was a trial and a finding for the appellee. A judgment was rendered for the amount of the note and interest, and that the same be declared a lien upon the land. This judgment was not in proper form, as the facts stated in the complaint did not entitle the appellee to this relief, but as no exception was taken to the form of the judgment, we cannot even modify it upon appeal. If such exception had been reserved, the attention of the court below would have

been called to this error, and a correction perhaps had without an appeal.

The judgment is affirmed, with six per cent. damages and costs.

*S. P. Oyler* and *D. W. Howe*, for appellant.

*G. M. Overstreet* and *A. B. Hunter*, for appellee.