SMITH and Wife *v.* DODDS and Another, Administrators.

LANDLORD AND TENANT.—*Entry by Landlord.—Administrator.*—Suit by the administrator of a deceased tenant against the landlord, for forcible entry upon the death of the tenant, and taking possession of the leased property, during the continuance of the term, and converting crops growing on the premises.

*Held,* that the administrator was the proper party to bring the action in the court of common pleas.

JUDGMENT.—*Form of.*—A defendant, being a *feme sole,* married during the pendency of the suit, and her husband was then made a party defendant, and personal judgment was taken against both, without exception, and without motion after judgment to correct or vacate.

*Held,* that no question could be raised in the Supreme Court as to the form of the judgment.

SAME.—*Motion in Arrest.*—A motion in arrest does not raise any question as to the form of the judgment.

APPEAL from the Cass Common Pleas.

BUSKIRK, J.—This is a suit brought by the appellees, as administrators of the estate of David Swinehart, deceased,

against the appellants, Mary A. Smith and Anthony F. Smith. It was originally brought against Mary Ann Heth, but during the pendency of the suit she intermarried with Anthony F. Smith, who was made a party.

David Swinehart, in his lifetime, leased of the appellant, Mrs. Smith, and her former husband, Harvey Heth, for the term of three years, a farm adjoining the city of Logansport. The terms and conditions of the leasehold are specified in the lease, a copy of which is made a part of the complaint. The property was the separate property of Mrs. Smith. Swinehart took possession, under the lease, in the spring of 1865, and died in the fall of the same year, while two full years of the lease were unexpired, and leaving, as the fruits of his season's labor, celery, parsnips, wheat, and barley in the ground, and much labor expended in preparing the soil for the coming spring. After his decease, Mary Ann Heth, whose husband, Harvey Heth, had died some time previous, entered the premises by force, dispossessed the administrators, converted to her own use the vegetables and grain found thereupon, a share of which, by the conditions of the lease, belonged to the estate, and retained possession of the premises for the balance of the unexpired term, without the consent of the administrators. The administrators waited until the lease had expired, and then brought suit against her for the value of the property converted.

There was a demurrer to the complaint, which was overruled, and an exception was taken. The appellants answered in two paragraphs. There was a demurrer to the second paragraph of the answer, which was overruled, and an exception was taken; but there being no assignment of cross errors, it will not be necessary to further notice the answer. The cause was tried by a jury, resulting in a verdict for the plaintiffs in the sum of two hundred and fifty dollars. There were motions for a new trial and in arrest of judgment made and overruled, to which rulings proper exceptions were taken. The evidence is not in the record.

Two causes are assigned by the appellants why the judgment should be reversed: 1. The complaint does not state facts sufficient to constitute a cause of action. 2. The court had no jurisdiction of the cause.

The first question is raised by the action of the court in overruling the demurrer to the complaint, and the second by overruling the motion in arrest of judgment.

The appellants insist that the administrators of the estate of David Swinehart, deceased, do not possess the legal capacity to institute and maintain this action. We think otherwise. The administrator has no authority to deal with the real estate. His powers are limited to the personal property, which is vested in him from the time the letters of administration are issued, and his authority will therein date back to the death of the decedent. *Valentine* v. *Jackson*, 9 Wend. 302; *Babcock* v. *Booth*, 2 Hill, 181. And he can maintain an action for any injury done the personal estate after the intestate's death. *Rockwell* v. *Saunders*, 19 Barb. 473.

We cite the following from 1 Williams on Executors, 784: "Upon the death of the testator or intestate, if any injury is afterwards done to his goods and chattels, the executor or administrator may bring an action in damages for the tort. * * * For it is a rule of law, that the property of personal chattels draws to it the possession, so that the owner may bring either trespass or trover, at his election, against any stranger who takes them away."

The law, then, gives to the administrator the possession of the personal property, and it is a well settled rule of law, that a mere naked possession is sufficient, as against a wrong-doer. The possession of the intestate is the possession of his representative, and that possession dates back, by operation of law, to the death of the former; and hence any injury that may be done to the personal estate subsequent to his death, and previous to the appointment of the administrator, creates an action in favor of the latter. He may even maintain an action for trespass committed on the real estate, or

for taking and carrying away the goods of his intestate in his lifetime. *Rockwell* v. *Saunders, supra.*

If the goods and chattels have been converted, he may maintain an action of trover and conversion, and recover their value. *Valentine* v. *Jackson, supra;* 1 Williams Ex'rs, 784.

The decedent's property is to be treated as his own, and it is not necessary that he be in actual possession at the time the tort is committed; he may declare as any other person upon his own property, when wrongfully damaged by another. 1 Williams Ex'rs, 785.

When the intestate has a lease for years, he may bring ejectment against one who has wrongfully taken possession. *Duchane* v. *Goodtitle,* 1 Blackf. 117; 1 Williams Ex'rs, 707.

The right to the possession of the personal property being vested in the administrator by the letters, and by operation of law, that right relating back to the period of the intestate's death, it follows that he may maintain replevin.

We again quote from 1 Williams Ex'rs, 701: "So if the goods, &c., of the testator taken away continue in specie in the hands of the wrong-doer, it has been long decided that replevin and detinue will lie for the executor to recover back the specific goods, &c.; or, in case they are sold, an action for money had and received to recover the value."

Our statutes make the following provision for the protection of estates: "Every executor or administrator shall have full power to maintain any suit in any court of competent jurisdiction, in his name as such executor or administrator, for any demand, of whatever nature, due the decedent in his lifetime, for the recovery of possession of any property of the estate, and for trespass or waste committed on the estate of the decedent in his lifetime," &c. 2 G. & H. 527.

Thus we see, that by the above authorities, administrators and executors are clothed with the same rights and powers, with respect to the personal estate, as the decedent was in his lifetime. They can maintain actions for trespass, or for injuries committed both before and after his death; actions of replevin, or for possession; actions of trover and conver-

sion; actions for money had and received for the value of the goods sold and conveyed; and actions of ejectment for the recovery of possession of leasehold estates. They have ample authority to prosecute any suit with respect to the personal estate, which the testator or intestate could have prosecuted in his lifetime.

This brings us to the case that is here upon appeal.

It is clear that the action was properly brought for the value of the vegetables and grain taken and converted by the appellant, either before or after the death of Swinehart. The authorities already cited give the administrators the right, and we might say, made it their imperative duty, to prosecute the suit. Mrs. Smith, by virtue of her being lessor, had no better claim to appropriate to her own use the grain and vegetables that had been raised upon the premises than a mere stranger. And the moment she took them she became liable to the appellees for their value.

There is no doubt as to the right of the administrators to maintain the action for the wheat, barley, parsnips, and other vegetables described in the complaint. But the action was also brought for the value of the unexpired term of the leasehold. Could the appellees, as administrators, maintain an action for an injury to this leasehold. The solution of this question depends upon whether the leasehold was personal or real property. If it was personal property, then the action was properly brought; but if it was real estate, then the administrators could not maintain the action, unless it was shown that it was necessary for the payment of the debts of the estate. Terms for years are treated in law as chattels, and go to the administrators as assets. Taylor Landlord and Tenant, § 434; 2 Williams Ex'rs, 1497. They are to be inventoried and sold as personal property.

The administrator may also assign and underlet the premises, or any part thereof, if not prohibited by the terms of the lease; and before sale he has full powers to take possession and manage the estate, accounting to the estate for the profits. 2 Williams Ex'rs, 844, 845. And he can main-

tain a suit for possession against one who has wrongfully taken possession. 1 Williams Ex'rs, 601.

It is, then, we think, well settled by the authorities, that the administrator could maintain an action for an injury that might be done to the leasehold estate. An administrator can maintain an action of trespass upon real estate, committed during the lifetime of the intestate, as it has been already shown, and in all cases can maintain such an action for injuries done to the personal estate.

Under our statute it was the duty of the administrators to inventory and appraise this lease. It was assets in their hands for the payment of the debts. Mrs. Smith entered the leased premises, and totally dispossessed and ousted the appellees, and occupied the premises the balance of the unexpired term, and has not accounted for the profits.

The court committed no error in overruling the demurrer. It is stated by the clerk, in making up the transcript, that the appellants moved to strike out parts of the complaint, and that the motion was overruled, and an exception was taken; but this statement of the clerk constitutes no part of the record. It could only become a part of the record by a bill of exceptions.

It is claimed by the appellant that this action involved the title to real estate, and that, therefore, the common pleas court had no jurisdiction. We do not think that the title to real estate was in issue. The complaint shows that the relation of landlord and tenant existed between Mrs. Smith and David Swinehart, and that the action was brought to enforce rights growing out of such relation. The lease was made a part of the complaint, and it was thus made manifest that the plaintiffs only claimed that they were entitled to the unexpired term of two years, and to a portion of the growing crop. The title to real estate can never be acquired by adverse possession, where the relation of landlord and tenant exists. The tenant can not deny the title of his landlord; for he claims possession by virtue of his landlord's title, and the possession of the tenant is the possession of the land-

lord.   There is nothing in the pleadings that brings in issue
the title to real estate.   The appellees set up their claim as
tenants of Mrs. Smith, thus admitting her title, and that she
was the owner of the land.   The action is for a trespass to
the possession, and conversion of the growing crop, and for
the unexpired term.   The case was tried on the allegations
of the complaint, and the denial of the defendants.   This
did not necessarily involve the title to real estate; and the
evidence not being in the record, we cannot assume that any
evidence was introduced which put in issue the title to real
estate.   The cases of *Maxam* v. *Wood*, 4 Blackf. 297, and
*Beach* v. *Livergood*, 15 Ind. 496, settle the doctrine that in
trespass to lands the title thereof is not necessarily involved.

Sec. 8, 2 G. & H. 21, provides that " guardians, executors
or administrators, may sue in said court of common pleas,
any and all persons against whom any claim, debt, or
demand of any kind whatsoever, accrues to them in such
fiduciary capacity; and in all cases where executors, admin-
istrators or guardians are plaintiffs, the common pleas shall
have concurrent jurisdiction with the circuit court."

This section of the statute, if it stood alone, would be
broad enough to confer jurisdiction upon the common pleas
court, although the title to real estate was involved; but it
has to be construed in connection with section 5 of the cir-
cuit court act, and section 11 of the common pleas act,
which confer exclusive jurisdiction upon the circuit court
where the title to real estate is in issue.   We entertain no
doubt that the common pleas court had full and complete
jurisdiction of the action.   The court committed no error
in overruling the motion in arrest of judgment.

An informality in the judgment is relied upon, in the ar-
gument, for the reversal of the judgment; but as the proper
steps were not taken in the court below to remedy such
informality, it is not properly here for consideration.   The
suit was brought against Mrs. Smith upon a cause of action
which originated while she was an unmarried woman, the
widow of Harvey Heth.   During the pendency of the suit,

she intermarried with Anthony Smith, who was made a defendant with her. A personal judgment was rendered against them jointly. But there was no motion made in the court below to correct or set aside the judgment for that cause, and no error can be assigned here.

This court, in *Jemison* v. *Walsh,* 30 Ind. 167, say: "This judgment was not in proper form, as the facts stated in the complaint did not entitle the appellee to this relief; but as no exception was taken to the form of the judgment, we cannot even modify it on appeal. If such exception had been reserved, the attention of the court below would have been called to this error, and a correction, perhaps, had without an appeal."

A motion in arrest of judgment cannot reach a defect in the form of a judgment, for the obvious reason that the motion must precede the rendition of the judgment, and cannot be made after judgment. The motion in arrest of judgment is defined by Bouvier's, Burrill's, and Tomlin's dictionaries as follows:

Bouvier says: "The act of the court by which the judges refuse to give judgment, because upon the face of the record it appears that the plaintiff is not entitled to it."

Burrill says: "The act of staying a judgment, or refusing to render judgment in an action at law, after verdict, for some matter intrinsic appearing on the face of the record, which would render the judgment, if given, erroneous or reversible; as where the verdict differs materially from the pleadings and issue; or where the case laid in the declaration is not sufficient, in point of law, to found an action upon. 3 Bl. Com. 393; 3 Steph. Com. 628; 2 Tidd Pr. 918; Mansel Demurrer, 162."

Tomlin says: "To move in arrest of judgment, is to show cause why judgment should be stayed, notwithstanding verdict given. Arrests of judgment arise from intrinsic causes appearing upon the face of the record, for a judgment can never be arrested but for that which appears on the face of the record itself. Ld. Raym. 232. Motions in

arrest of judgment may be made at any time before judgment signed. Dougl. 747; Str. 845."

In *Adamson* v. *Rose*, 30 Ind. 380, this court say: "The motion in arrest of judgment reaches any defect in the pleadings not cured by the verdict or the statute of amendments, or waived by failing to demur."

There having been no objection or exception to the form of the judgment when announced, and no motion to correct or vacate the judgment having been made after the judgment was entered, the question cannot be reviewed here.

The judgment is affirmed, with costs.

*D. Turpie* and *D. P. Baldwin*, for appellants.

*S. T. McConnell* and *M. Winfield*, for appellees.