Sanxay v. Hunger.

## SANXAY v. HUNGER.

WAY.—A way is an incorporeal hereditament, and consists in the right of passing over another's ground.   It may arise from grant, prescription, or necessity, and is either in gross, that is, attached to the person using it, or appurtenant, or annexed to and passing with a conveyance of the estate.

SAME.—*In Gross and Appurtenant.*—A way is never construed to be in gross when it can fairly be construed to be appurtenant.

SAME.— *When a Way is Appurtenant.*—A way is appurtenant when it is incident to an estate, one terminus being on the land of another, inheres in the land, concerns the premises, and is essentially necessary to their enjoyment. It is in the nature of a covenant running with the land, and must respect the thing granted, and concern the land or estate conveyed.

SAME.—*Right of Way Ascertained and Established.*—Where there is no record evidence of a right of way, and the owner of the real estate over which the way is claimed denies its existence and is threatening to interrupt the use and enjoyment of the way, and has placed upon record a notice that he disputes such right, the person claiming such way may, by an action, have his right ascertained and the way established, while those who are acquainted with the facts are alive.

PRACTICE.—*Objection to Judgment.*—Where a general objection is made to the rendition of a judgment, and no particular objections are pointed out to the court below, such objections cannot be made for the first time in the Supreme Court.

APPEAL from the Jefferson Circuit Court.

OSBORN, C. J.—The appellee instituted an action against the appellant to establish and perpetuate an easement in adjoining lands, and to enjoin him from disturbing the appellee in the enjoyment of such easement.

The complaint consists of three paragraphs.   The first alleges that the appellee, in going to and from his farm and residence, travels a certain public highway to a point named, at which point there is a private road or easement running to his said farm and residence, over the land of the appellant; that he and those under whom he claims title have resided on said farm for thirty-five years as owners thereof; that for more than that length of time he and those under whom he claims title have passed to and from his said farm with their cattle, horses, stock, teams, wagons, carts, carriages, and

on foot, over and upon said road, continuously and uninter-
ruptedly, under claim of right to, and as the owners of, said·
easement and right of way; that during all said period he
and those under whom he claims title have had no other
road or passway, or means of getting to or from said farm
and residence; that the appellant denies his right to use or
keep open said road, and denies the existence of said road.
It also states that on the 27th of February, 1869, the appel-
lant caused a written notice to be served upon him by the
sheriff of Jefferson county, in which the land is situate;
that he disputed, and would dispute, the said right of way of
the appellee or his successors, and did thereby forbid the
same; that he caused the notice to be recorded in the record-
er's office of that county; that there has been no court held
in the county since the service of the notice; and that with-
out the easement his said farm would be of little value, and
could not be enjoyed or sold in the market.

The second paragraph is like the first, except it omits the
allegations about the written notice. It also alleges that his
farm is surrounded on every side, except on the side of the
appellant's land, where the said easement or private road
passes, with precipitous bluffs of such grades and steepness
that it is impossible to go to or from his said farm, residence,
and improvements with his horses, wagons, etc., except by
passing over said land and way, and that it is absolutely
necessary to pass over said way to enjoy his said property;
that in the year ——, one Hull was the owner of both of
said farms, and conveyed to the grantor of the appellee his
said farm, and afterward conveyed to the appellant his said
farm; that they both derive title from said Hull; that the
appellant denies the right of the appellee to pass over his
said land at any point, and threatens to destroy said way by
quarrying rock out of the same, and thereby to render it
impassable, and to exclude him from ingress and egress to
and from his said property, and will do so if not enjoined;
that he has valuable improvements on the land owned by
him, consisting of a brick house, out-houses, barns, sheds,

and other improvements of the value of five thousand dollars, and that he and his family reside in said house.

The third paragraph alleges that the grantors under whom the appellant claims title dedicated for the use of the public the way in question, as a public highway; that it was so dedicated, accepted, and used by the public as such highway for over twenty years next before the commencement of the action; that it had been distinctly separated from the remainder of the farm by a fence; that the appellant purchased his said farm well knowing of the existence of the highway, and acquiesced in the existence and use of the same until the 27th of February, 1869, when he gave the notice specified in the first paragraph. It also alleges that the dedication is evidenced by no public or private writings or muniments of title, and lies only in the recollection of witnesses and its own physical existence for the evidence of its dedication and its use as a highway; that the appellant, well knowing these facts, disputes that the road is a public highway, and that the appellee has any right of way over the same, and sets forth the notice and record of it, as in the first paragraph; that he has further declared that he will block the way or open a stone quarry in the same, and deprive the appellee of the use of it; that he will do so to the great and irreparable injury of the appellee, if he is not restrained from so doing by injunction; that if done, it will isolate his farm and make it almost valueless, prevent him from going to and from market and from attending church with his family, destroy his peace of mind, and compel him to abandon his farm.

Each paragraph contains a prayer for judgment establishing the way and easement, for an injunction restraining the appellant from disturbing or interfering with the appellee's right to use the same, and for general relief.

Motions were made by appellant to strike out parts of the complaint, referring to it by lines and pages, but not in such a way as to enable us to determine what words or parts of the complaint were included in the several motions. The court sustained the motions as to some, and overruled the same as

to other parts, to which rulings the parties excepted. No bill of exceptions was filed, showing what was and what was not stricken out, nor does it otherwise appear than by the general language as above stated.

Separate demurrers were filed and overruled to each paragraph of the complaint, to which exceptions were taken. The general denial was filed, and a jury trial had, resulting in a general verdict for the plaintiff. The defendant filed a motion for a new trial, which was overruled, and he excepted, and judgment was rendered on the verdict, establishing the easement as set forth and prayed for in the complaint, to the width of sixteen feet, and for costs, to which the appellant excepted, as follows: "And thereupon defendant Sauxay objects and excepts to the rendition of the foregoing judgment." He also moved the court to tax to the appellee all costs made by him in the action, which was overruled, and he excepted.

The grounds for a new trial were,

1st. That the court erred in admitting evidence offered by the plaintiff, over objections of defendant.

2d. The court erred in refusing to give the instructions asked by the defendant, and each and every of them.

3d. The court erred in the instructions given to the jury.

4th. The verdict was not sustained by the evidence.

5th. The verdict was contrary to law.

The errors assigned are,—

1st. In overruling the motion for a new trial.

2d. In overruling the demurrer to the complaint.

3d. In giving instructions to the jury, and in refusing to give instructions asked by appellant.

4th. In rendering the judgment it did on the general verdict.

5th. In refusing to tax the costs to the appellee.

6th. The verdict and judgment were contrary to law and evidence, and not sustained by the evidence.

The appellant does not seem to question the sufficiency of the complaint so far as it alleges the existence of the ease-

ment and way as claimed; but he insists that if the allega-
tions are true, no right of action existed in the appellee to
establish or restrain him from the threatened interruption of
the use of the easement.

In each of the paragraphs it is alleged that the appellant
denies the existence of the easement and way and threatens
to interfere with the right of the appellee to the use of it.
The third charges him with threatening to wholly deprive
him of his right of way over the land and all access to his
farm, and that he will do so unless enjoined by the court.
The second charges that he disputes his right of way, and
threatens to block up and destroy it. The first and third
allege that he not only disputes and denies the appellee's
right, as claimed, but that he has given and caused to be
recorded a notice, which the statute declares shall be deemed
an interruption of the use of the way. 1. G. & H. 305, 306.

A way is an incorporeal hereditament, and consists in the
right of passing over another's ground. It may arise from
grant, prescription, or necessity, and is either in gross, that is,
attached to the person using it, or appurtenant, or annexed
to and passing with a conveyance of the estate. But it is
never presumed to be in gross when it can be fairly con-
strued to be appurtenant to the land. Washb. Easements,
161, sec. 5 ; 2 Bl. Com. 35, notes by Cooley.

Ways are appurtenant when they are incident to an estate,
one terminus being on the land of another, inhere in the
land, concern the premises, and are essentially necessary to
their enjoyment. They are of the nature of covenants run-
ning with the land, must respect the thing granted, and con-
cern the land or estate conveyed. Washb. Easements, 161,
sec. 6.

The way claimed in the first and second paragraphs is one
appurtenant to the appellee's land, and would pass as such
with a conveyance of the farm. It is an interest in the land
or right of way.

The appellant was the owner of the land over which the
right of way or easement was alleged to exist. In other

words, the appellee was the owner of the *dominant*, and the appellant was the owner of the *servient* estate. If the appellant disputed the appellee's right, and was about to deprive him of it, we think he had a right to have it established, and to enjoin the appellant from disturbing him in its enjoyment.

The appellee claimed that he had such an interest in the real estate occupied by the right of way as gave to him an action under sec. 611, 2 G. & H. 284, to quiet his title when disputed; that it was appurtenant to his farm, an incorporeal hereditament. We do not consider it necessary to base it upon that section. If we did, perhaps we should hold that he would be within its spirit.

When the claim set up by one to an interest in land appears to be valid on the face of the record, and the defect can only be made to appear by extrinsic evidence, particularly if that evidence depends upon oral testimony, it presents a case invoking the aid of a court of equity to remove it as a cloud upon the title. *Crooke* v. *Andrews*, 40 N. Y. 547; 1 Story Eq., sec. 711. So a bill for an injunction will lie when easements or servitudes are annexed by grant or otherwise to private estates. 2 Story Eq., sec. 927. In this case the fee of the land was admitted to be in the appellant, subject to the easement claimed. There was no record evidence of the right claimed by the appellee. The appellant denied the existence of any way or easement, and was threatening to interrupt the appellee in the use and enjoyment of it. He had placed upon record a notice that he disputed and would dispute such right. It was important to the appellee to have his right ascertained and established, whilst the persons who were acquainted with the facts were alive. They would soon die, but the record of his notice would be perpetual. And the record of such a notice would be a perpetual menace to him and a cloud upon his title and right of way to his farm. It needs no argument to show that it would injure the value of the farm. Without a way to it, the land was comparatively valueless. No prudent man would give as much for it, with the way and

access to it disputed and clouded with the record of that notice, as he would if it was undisputed or established by the judgment of a court. In the face of such a record, the fact that it had been used for twenty years would not quiet the apprehensions of the buyer, when the evidence of it rested entirely in the memory of witnesses, some of whom were more than eighty years old. One who would buy and pay a full price for a farm under such circumstances would manifest an amazing confidence in the recollection and testimony of witnesses, verdicts of juries, and judgments of courts.

The demurrer was correctly overruled.

We do not find anything in the record showing that the court admitted any evidence over the objections of the appellant.

We have read the evidence and the brief of the counsel for the appellant, and cannot disturb the verdict of the jury. It was the second trial of the action. There was evidence before the jury tending to sustain the allegations in the first paragraph of the complaint, and perhaps the second. Some of the witnesses were quite old. They had been acquainted with the land for fifty years or more, and with the road or right of way for over thirty years. The only question or doubt that can exist is, whether the way was used for the benefit of the appellee's farm. It was first used as a way to haul wood from the farm, and then by the occupant to get to and from it and was kept in repair for that purpose. And we think the jury were justified by the evidence in finding as they did. The instructions given to the jury are set out in full in the bill of exceptions. The appellant entered a general exception to them at the time. He has not pointed out any objection to them, and we see none. We suppose the exception was taken as a matter of precaution, so as to reserve the benefit of any error which might be discovered in the charge.

The appellant asked several instructions, which were refused. The counsel think they should have been given,

because those given by the court on its own motion did not cover the case and were not sufficiently explicit upon some of the questions. We have compared the instructions asked and refused with those given, and think those given were sufficiently explicit, and that they included all that was asked in those refused. The latter were evidently prepared before the former were given. We do not think it would answer any useful purpose to copy them into this opinion.

The objection to the rendition of the judgment was general. No objection was made that it covered too much or that it was not warranted by the verdict. He simply objected and excepted to the rendition of the judgment. He now asks to have the judgment reversed, because, although the appellee was entitled to a judgment on the verdict, he was not entitled to the one that was rendered. The allegation in the first and second paragraph is, that the right of way was from twelve to sixteen feet wide. The verdict is, "We the jury find for the plaintiff;" and the objection is, that the judgment should have fixed the width of the right of way at twelve feet. If that objection had been made in the court below, perhaps that court would have sustained it, and established the way at twelve instead of sixteen feet. His objection was to the rendition of any judgment, and not as to its form or that it was different from what it should have been. We cannot permit him to make the objection in this court for the first time. *Baker* v. *Horsey*, 21 Ind. 246; *Ebersole* v. *Redding*, 22 Ind. 232; *Jemison* v. *Walsh*, 30 Ind. 167; *Johnson's Adm'rs* v. *Unversaw*, 30 Ind. 435; *Smith* v. *Dodds*, 35 Ind. 452; *Train* v. *Gridley*, 36 Ind. 241; *Miles* v. *Buchanan*, 36 Ind. 490.

The appellee was entitled to a judgment for costs. Sec. 396, 2 G. & H. 225.

The judgment of the said Jefferson Circuit Court is affirmed, with costs.

*C. E. Walker* and *W. S. Roberts*, for appellant.
*H. W. Harrington* and *C. A. Korbly*, for appellee.