HAMPTON v. WARREN.

PLEADING.—*Jurisdiction.*—*Justice of the Peace.*—A judgment rendered by a justice of the peace of one township against a sole defendant, who is a resident of another township, where there is a justice, there being no legal

reason that the action could not be brought in such other township, is void; and to an action on such judgment against said defendant in the township of his residence, the recovery of said judgment and the residence of defendant, as aforesaid, are facts to be pleaded in bar, and not in abatement.

SAME.—*Amendment.*—*Appeal from Justice of the Peace.*—Under section 67, 2 G. & H. 596, the circuit court, on appeal from a justice of the peace, may, on proper terms, allow an amendment of the cause of action by adding a new paragraph to the complaint.

From the Randolph Circuit Court.

*A. Jaqua* and *I. P. Gray*, for appellant.

*E. L. Watson* and *L. J. Monks*, for appellee.

DOWNEY, J.—Passing over some questions made, which do not concern the merits of this case, the facts essential to be stated are these.

The appellee, as assignee of the payees, sued the appellant, the maker, on a promissory note, before one Woodbury, a justice of the peace of the township of Wayne, in Randolph county, and on the 20th day of December, 1873, had judgment in his favor by default, the defendant being, at that time, a resident of Jackson township, in that county, there being justices of the peace in that township competent to act in the case, and no legal reason why the action should not have been commenced in that township.

Afterwards, apprehending that his judgment before Woodbury was invalid, the appellee sued the appellant before one Simmons, a justice of the peace of Jackson township, wherein the defendant resided, making a transcript of the judgment, etc., before Woodbury, which set out a copy of the note, his cause of action; and on the 2d day of February, 1874, judgment was again rendered for the appellee by default.

Justice Simmons, in his judgment, says:

"It appearing that the defendant, having executed his promissory note, on August 9th, 1872, due fourteen months after date, with ten per cent. interest until paid, to the plaintiff,

and it appearing that said note is wholly unpaid, it is therefore considered by me that the plaintiff ought to recover of the defendant his demand of one hundred and twenty-five dollars and interest on said amount; and the court assesses said defendant the sum of one hundred and forty-three dollars and fifty cents, with interest at six per cent. per annum until paid, and all costs accrued," etc.

From this judgment the defendant appealed to the circuit court. In that court, on motion and on payment of all costs, except the costs of the summons and service, the plaintiff was allowed to amend his cause of action, which he did by filing a complaint with a paragraph on the note and another on the judgment of Woodbury.

The defendant pleaded in abatement, that this action was not commenced by a *capias ad respondendum*, and was not a suit for trespass to real or personal property, and that at the time of the commencement of the cause before Woodbury, where judgment by default was first rendered against this defendant, said Woodbury, as such justice of the peace, had no jurisdiction of the person of the defendant, for the reason that the defendant was not a resident of Wayne township, but was a resident of Jackson township, where there was a justice of the peace competent to act; that afterwards the plaintiff recovered a judgment by default, upon a transcript of said judgment, before one Simmons, a justice of the peace of Jackson township, etc., from which this appeal was taken; that the note declared on in the first paragraph of the amended complaint is the original note on which the plaintiff recovered judgment before Woodbury, and that the transcript of a judgment declared on in the second paragraph of amended complaint is the same judgment unlawfully rendered by Woodbury. Wherefore, etc.

This answer was, on motion of the plaintiff, struck out.

The defendant then pleaded substantially the same matter in a second answer in abatement, which, on motion of the plaintiff, was also struck out.

The defendant then moved the court to strike out the first

paragraph of the amended complaint, which motion was over-ruled.

The defendant answered in bar in three paragraphs:

1. A general denial.

2. That the note sued on and another for the same amount were given to the payees for a threshing-machine, and that the payees agreed that they would not again engage in the business of threshing in that neighborhood for two years, they having theretofore been engaged in threshing with said machine, and that they violated the contract, to the damage of the defendant three hundred dollars.

3. Substantially the same as the second.

Reply in denial of the second and third paragraphs of the answer.

Trial by a jury, and verdict for the plaintiff. Motion for a new trial overruled, and final judgment.

. Several errors are alleged, but we need not set them out specially. We will dispose of the cause upon the questions made and argued in the brief of counsel for appellant:

1. That the court erred in allowing the plaintiff to amend his complaint in the circuit court by adding a paragraph on the promissory note. It is urged that, as the action was on the transcript of the judgment of Justice Woodbury, the circuit court, on appeal, could only allow an amendment of the claim as predicated upon the transcript, and could not allow a paragraph to be filed based on the note.

The statute authorizes the circuit court, on appeal from a justice of the peace, to allow amendments of the pleadings on such terms, as to costs and continuances, as the court may order. 2 G. & H. 596, sec. 67.

The terms imposed in this case were the payment of all costs that had accrued in the case, except for the summons and the service thereof.

We think the court may allow an amendment, on proper terms, by adding a new paragraph to the complaint. Under this statute, amendments in substance, as well as in form,

may be allowed. *Murray* v. *Fry,* 6 Ind. 371; *Maxam* v. *Wood,* 4 Blackf. 297.

It is evident, also, that Justice Simmons rendered his judgment on the note, and that he did not base it on the judgment of Justice Woodbury. The language of the judgment quoted by us shows this very clearly.

2. It is urged that there was error in striking out the answers in abatement. We do not think so. The answers sought to abate an action which had already been disposed of by the rendition of a final judgment. If the judgment of Justice Woodbury was void, as we think it was, that question could not be raised, in an action on the judgment, by an answer in abatement. It was clearly matter in bar, not only defeating the present action, but any action which might be brought upon the judgment.

We are satisfied that, so far as the points made are concerned, there was no error of which the appellant could complain.

The judgment is affirmed, with ten per cent. damages and costs.