Ross *v.* Thompson.

No. 7292.

## Ross *v.* Thompson.

EASEMENT.—*Grant.—Prescription.—Deed.—Evidence.*—An easement is a way attached to an estate, belongs to the estate as part of it, and not to the person of the owner of the estate, and a grant of the estate passes the easement, though not specified in the deed, and even though the latter does not, in terms, convey appurtenances. Therefore, where title to the easement is claimed as having been acquired by prescription, proof that the present owner of the estate has personally enjoyed it for the requisite period of time is unnecessary. It is sufficient that it has been, during that period, attached to the estate of which he is now seized.

SAME.—*Highway.—Action for Damages.*—A private easement may exist in a way which is also a public highway, and it does exist whenever the lands are so situated, with reference to the highway, that the use of the latter is necessary for access to the land. In such case, the owner of the land can maintain a suit for damages for obstruction of the highway.

SAME.—*Instruction.—Private and Public Way.—Obstruction.*—In such case, when the fact of obstruction by the defendant is not disputed on the trial, the complaint containing a paragraph for obstructing a private way, and another for obstructing a public way necessary to approach the plaintiff's lands, an instruction to the jury is not available error, which declares that " The question for you to determine is, has the plaintiff the easement by prescription, claimed by him in the first paragraph of his complaint, or the special interest in the highway, claimed in the second paragraph of his complaint ? If you find that he has either, your verdict should be in his favor."

INSTRUCTION.—*Practice.*—There is no error in an instruction to the jury which, announcing no legal proposition, merely states the nature of the plaintiff's claim.

PRIVATE WAY. — *Obstruction. — Pleading. — Joinder of Causes. — Verdict. — Judgment.*—In a suit for damages, a paragraph of complaint for obstructing a private way of the plaintiff may be joined with one for obstructing a public highway in which the plaintiff has a special interest, and a verdict for the plaintiff is good without specifying whether the way is public or private, and a judgment thereon, " that the way be opened up and kept open," is proper.

SAME.—*Prescription.—Instruction.*—In such case an instruction, declaring that the plaintiff can not recover unless he has proved a prescriptive right to the way claimed, but a slight variation in any particular would be of no consequence, such as a variation in the course of the way for a few feet at a given point, or in the terminus of the way, is correct.

HIGHWAY.—*Prescription.—Dedication.*—User for twenty years constitutes a road a public highway, but user for a less period may so constitute it by

Ross *v.* Thompson.

dedication, all that is required being the assent of the owner of the soil to the public use, and the enjoyment of such use for such a period that public accommodation and private rights would be materially affected by a denial or interruption of the enjoyment.

SAME.—*Acceptance.*—An acceptance by the public of such way is shown by long continued user, grading, macadamizing, bridging, or the like.

SAME.—*Estoppel.*—Where the owner of land through which a way runs knows that another is offers costly improvements, in the faith that the way is public, and making no objection, he is estopped from asserting that the way is not public.

SAME.—*Damages.*—*Injunction.*—One whose only mode of access to his real estate is being interrupted by unlawful obstructions, may arrest the injury by injunction, and he may recover damages merely nominal, not being bound to wait until the injury is fully consummated and actual damages have accrued.

SAME.—*Dedication.*—*Intention.*—*Presumption.*—Intention by the owner of the soil to dedicate a way to public use must appear by proof, but it will be presumed against the owner of the soil, when the easement has been enjoyed by the public during a period corresponding with the limitation of real actions, fixed by statute.

From the Jefferson Circuit Court.

*C. E. Walker* and *W. S. Roberts,* for appellant.

*C. A. Korbly* and *A. D. Vanosdol,* for appellee.

ELLIOTT, C. J.—This action was instituted by the appellee to recover damages for the disturbance of an easement, and to enjoin the appellant from interfering with its free use.

Easements may be acquired either by grant or by prescription, but in whatever manner acquired they are annexed to the dominant estate. It is the land constituting the dominant estate which possesses the easement; not the owner of the land. The easement is not attached to the person; it is part of the estate and passes with it. The enjoyment by a dominant estate of an easement for a sufficient length of time to create a right by prescription, will annex the easement to that estate, and it will pass by grant. It was not necessary, therefore, for the appellee to show that he had personally enjoyed the easement for twenty years. His case is made out by showing that the dominant estate granted to him had acquired the easement by prescription. Changes

Ross *v.* Thompson.

in ownership did not break or interrupt the continuance of the user by the dominant estate. The complaint shows the appellee to be the owner of the land to which the easement was annexed, and this gives him the right to sue for any encroachment upon the right of way.

The second paragraph of the complaint, it is said, avers that the right of way described is both a public and a private one. We do not so construe the pleading. It shows a special right in a public way. But if it did allege the right of way to be both a public and a private one, still, if it showed a clear infringement of the appellee's legal rights, it would be good upon demurrer. If two causes of action are improperly united in one paragraph, the remedy is by motion, and not by demurrer.

An individual can not maintain an action for the disturbance or obstruction of a public easement, unless he has sustained some special injury. If the only injury is one common to all having a right to use the highway, then no one of those suffering injury can maintain a private action. In such a case there is a common right, and one to be vindicated as are other public rights. There is no distinct private right to be redressed. A special or peculiar injury, different from that suffered by the community at large, will entitle the person injured to maintain an action. The complaint shows that the appellee has sustained special injury. It shows that his premises are occupied by costly buildings erected for manufacturing purposes; that they are surrounded on three sides by steep hills, and that the only means of ingress or egress is that supplied by the highway obstructed by the appellant. Clearly enough the injury to the appellee is different and distinct from that of other members of the community.

The second subdivision of the first instruction given by the court simply states the claim of the appellee. It does not state any proposition of law to the jury. There was no error in stating the nature of the cause of action relied upon as entitling the appellee to a recovery.

Ross v. Thompson.

The second instruction is as follows: "The questions for you to determine are, has the plaintiff the easement by prescription, claimed by him in the first paragraph of his complaint, or the special interest in the highway claimed in the second paragraph of his complaint? If you find that he has either, your verdict should be in his favor." There is no valid objection to this instruction. If the appellee had acquired an easement by prescription in a private way, his right of action was complete. If the way was a public one, and a special injury resulted to him from its obstruction, an action would lie. Had there been any dispute as to the fact that obstructions were placed upon the way, then the instruction would have been too narrow; but there was no such dispute. If the appellant is right in his contention, that two such causes of action as those stated in the instruction were improperly joined, the point should have been presented by demurrer. We think, however, that the causes of action were properly joined. One having a right in a way, and being uncertain as to its character, may in separate paragraphs assign to it either a public or a private character, and, if the evidence proves it to be either, he may recover, provided, of course, that other facts essential to his cause of action are established.

In criticising this instruction counsel say that it is erroneous, because it affirms that an individual may have a special interest in a public highway. Cases almost without number, and certainly without opposition, declare that an action may be maintained by a citizen who has sustained special injury; and it would be impossible to conceive special injury where there was no special interest. The special interest gives the cause of action; the extent of the injury measures the compensation. A man who owns a business block, fronting on a public highway which affords the means of getting into or out of his property, has certainly a special interest in the public way. It is quite plain, that, if the highway were closed, his building would be almost, if not altogether, valueless. *Stet-*

son v. *Faxon*, 19 Pick. 147; *Knox* v. *Mayor, etc.*, 55 Barb. 404; *Schulte* v. *North Pacific, etc., Co.*, 50 Cal. 592; *Sanxay* v. *Hunger*, 42 Ind. 44.

The instructions do not declare that an individual can have a private way by prescription in a public highway. They do assert that he may have a special right or interest in a public highway upon which his land abuts. This is good law. A man's interest in a public highway which affords means of getting to or from his land is a right which even the Legislature can not take from him without compensation. *Corning* v. *Lowerre*, 6 Johns. Ch. 439; *The Common Council, etc.*, v. *Croas*, 7 Ind. 9; *Haynes* v. *Thomas*, 7 Ind. 38; *Butterworth* v. *Bartlett*, 50 Ind. 537; *The State* v. *Berdetta*, 73 Ind. 185. While the dedication of the highway is to the public, yet, through the same act of dedication, private rights are conferred which the donor can not retake, nor the Legislature impair. *City of Cincinnati* v. *White*, 6 Peters, 431; *Morgan* v. *Railroad Co.*, 96 U. S. 716; *Baker* v. *Johnston*, 21 Mich. 319; *Mayor, etc.*, v. *Franklin*, 12 Ga. 239; *City of Peoria* v. *Johnston*, 56 Ill. 45; *Haynes* v. *Thomas, supra; Tate* v. *The Ohio,. etc., R. R. Co.*, 7 Ind. 479; *Protzman* v. *Indianapolis, etc., R. R. Co.*, 9 Ind. 467; *The Indiana, etc., R. W. Co.* v. *Boden*, 10 Ind. 96. Some of the cases cited from our own reports have been overruled, in so far as they hold that the law requiring a railway company to cause an assessment of damages to be made and tendered does not apply where the abutter's interest in the street is taken; but this, instead of weakening, really strengthens the doctrine that an abutter may have a special interest in a highway. *Cox* v. *The Louisville,. etc., R. R. Co.*, 48 Ind. 178.

The seventh instruction declares that the appellee can not recover unless he has proved a prescriptive right to the way claimed, but that " a slight variation in any particular would be of no consequence,—such a variation in the course of the way for a few feet at a given point, or in the terminus of the way." The objection to this instruction is thus stated in the

brief of counsel: "The first paragraph of the complaint does not show what way is claimed, and the second is as to a public way, and we claim that the law requires the way to be clearly defined, and so proven." This objection can not prevail. If the right is proved substantially as laid in the complaint, it is sufficient. A deviation of a few feet for a short distance can not be allowed to defeat the right to recover. It is true that the way must be defined with reasonable certainty, and we think it is so defined in this case.

The eleventh instruction again tells the jury what is charged in the second paragraph of the complaint, and is substantially the same as the first instruction. We think it correctly states the charge of the complaint, and an instruction which does this can not be deemed erroneous.

The twelfth instruction is not very clearly drawn, but we think it correctly expresses the law. One branch of the instruction is, in effect, as follows: If the way was opened by the owners of the land in 1849 or 1850, and it has been since that time used as a public highway by the public, and as such improved by the public authorities, and the owners of the land over which it runs knowingly permitted private rights to be acquired on the faith that it was a public highway, then said road became "a public highway by dedication." There are several distinct principles bound up in this instruction, and these we shall state and dispose of separately.

The user for twenty years was sufficient to give the public an easement, and to constitute the road a public highway. User for a less period of time than twenty years will in many cases be sufficient. The rule is thus stated by Judge Dillon: "No specific length of possession is necessary to constitute a valid dedication; all that is required is the assent of the owner of the soil to the public use, and the actual enjoyment by the public of the use for such a length of time that the public accommodation and private rights would be materially affected by a denial or interruption of the enjoyment." 2 Dillon Munic. Corp., sec. 631. *City of Evansville* v. *Evans*, 37 Ind.

229 ; *Holcraft* v. *King*, 25 Ind. 352 ; *State* v. *Hill*, 10 Ind. 219 ; *Mauck* v. *The State*, 66 Ind. 177.

Acceptance by the public is said to be necessary in order to constitute the way a public one. *Mansur* v. *The State*, 60 Ind. 357. The great weight of authority is that long continued user by the public is sufficient evidence of acceptance. However it may be as to the effect of user, it is well settled that improving the way by grading, macadamizing, bridging or the like, is sufficient evidence of acceptance by the public. 2 Dill. Munic. Corp., sec. 642 ; Angell Highways, sec. 161 ; Washburn Easements, 3d ed., 197.

Another branch of the instruction asserts, substantially, that, where the owner of lands through which the way runs, knows that another is erecting costly buildings and making improvements in the faith that the way is a public one, and such owner, possessing full knowledge of what is being done, offers no objection, he is estopped from asserting that the way is not a public one. The question was exhaustively discussed by the Supreme Court of the United States in *Morgan* v. *Railroad Co.*, *supra*, and it is held that the doctrine of estoppel fully applies to such cases. There is nothing in the case of *Mansur* v. *Haughey*, 60 Ind. 364, which conflicts with the view here expressed.

In another part of this instruction, reference is made to the special interest in the way claimed by the appellee. Counsel say : "As to the special damage, we say none is sufficiently alleged, and prospective damage won't do ; it must be a damage he, the appellant, has already sustained which will entitle him to sue alone." This position can not be maintained. One who has erected costly buildings for a particular manufacturing purpose is not bound to wait until his buildings are rendered valueless by the blocking up of the highway which supplies the only means of ingress or egress, but may proceed by injunction. 2 Story Eq. Juris., section 924.

The principle, that where a right may be extinguished by the continuance of a wrong, an action will lie, although there

are no perceptible damages, applies to this case. "I can very well understand," says Judge STORY, "that no action lies in a cause where there is *damnum absque injuria*, that is, where damage is done without any wrong or violation of any right of the plaintiff. But I am not able to understand, how it can correctly be said, in a legal sense, that an action will not lie, even in case of a wrong or violation of a right, unless it is followed by some perceptible damage, which can be established, as a matter of fact; in other words, that *injuria sine damno* is not actionable. On the contrary, from my earliest reading, I have considered it laid up among the very elements of the common law, that, wherever there is a wrong, there is a remedy to redress it; and that every injury imports damage in the nature of it; and, if no other damage is established, the party injured is entitled to a verdict for nominal damages." *Webb* v. *The Portland Manuf'g Co.*, 3 Sumner, 189. Broom's Com. 93; Washburn Easements, 295.

The motion for a new trial assigns as a reason, "that the court erred in refusing to give to the jury instructions 8 and 9, asked for by the defendant." There are no other instructions referred to in the motion as having been refused, and we can only consider the ruling refusing the two mentioned; for it is a firmly settled rule of practice that the particular rulings to which objection is taken must be specified in the motion for a new trial. Nothing is said in the brief as to the refusal to give the eighth instruction, and we are, therefore, only required to examine the ruling refusing the ninth.

The ninth instruction asked by the appellant is as follows: "I also instruct you that there can be no valid dedication to the public of such right of way as is claimed, unless it is proved that the owner of the soil intended a dedication of the way to the public." This instruction asserts an abstract proposition of law correctly. There is no doubt that intention to dedicate is essential to constitute a valid dedication. It is not necessary that this intention should be expressly declared,

nor is it necessary that it should be directly proved. The intent to dedicate must, however, clearly appear. "But such intent will be presumed against the owner where it appears that the easement in the street or property has been used and enjoyed by the public for a period corresponding with the statutory limitation of real actions." 2 Dill. Munic. Corp., section 637. Our statute is explicit upon this subject: "All public highways which have been or may hereafter be used as such for twenty years or more, shall be deemed public highways." Where, therefore, there has been twenty years user, the way is to be deemed a public one, and those asserting rights in it are not bound to show an original intent to dedicate. The law makes the lapse of time sufficient, without any further evidence. It was not error to refuse this instruction, for it left out of consideration the important element of the lapse of time. Instructions must not only assert correct propositions of law, but they should also assert the law in such a form as to make it fairly applicable to the particular case in which it is asked.

It is a familiar rule, that, where an *instruction* is substantially contained in others given, there is no error in refusing it, and, conceding the instruction under immediate mention to be correct, there was no available error in refusing to give it to the jury, for it is substantially given in other instructions. A careful examination of the instructions, which are, as appellant's counsel claim, somewhat contradictory, has satisfied us that, if any error was committed, it was in his favor and not against him.

The deeds forming appellee's chain of title do not contain any reference to the easement, nor contain the term appurtenances, and the appellant argues that they are not sufficient to carry the easement. It is not necessary that the deed conveying the principal estate should describe the subordinate, nor use the term appurtenances. The conveyance of the dominant estate carries the easement. *Keiper* v. *Klein*, 51 Ind. 316; *Sanxay* v. *Hunger, supra.*

Ross *v.* Thompson.

There was no error in rendering judgment for nominal damages, although no actual damages were proved. We have already discussed this question in considering the instructions.

The appellant complains of the ruling upon his motion for a *venire de novo.* His position is that the verdict is ill because it does not find whether the way was a public or a private one. The verdict is in the usual form, and finds generally for the plaintiff, and there is certainly no defect or uncertainty upon its face. Both paragraphs of the complaint were good, and the verdict may be supported upon either. There was no error in overruling appellant's motion.

What judgment a verdict will warrant, is a very different question from that presented by a motion for a *venire de novo.* So, too, is the question whether the judgment was, or was not, a proper one. Objections to the judgment must be specifically stated in the trial court, or they will not be available on appeal. No objections, other than those presented to the trial court, can be urged in the appellate court. The objection in this case was thus stated: "The defendant excepts to the judgment of the court on the verdict ordering said way to be opened up, and kept open said width." This exception can not be maintained. Whether the way was public or was private, appellee had a right to have it kept open. The owner of the servient estate has as little right to obstruct a private way as he has to obstruct a public highway. In any view of the case, appellee was entitled to the relief adjudged him.

There is no error in the record requiring a reversal, and the judgment is, therefore, affirmed.