ELLEN MURPHY *vs.* FRANK M. BATES, City Treasurer.

PROVIDENCE—DECEMBER 8, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Pleading. Merger of Private and Public Ways.*

A declaration whose scope is for injury to a private way, and sets out only that the right of way was over and upon a street or highway, is demurrable.

Ordinarily a private way becomes merged in a public way, and a declaration for injury to the former should state in what respect the private right has been violated.

(2) *Presenting Claims to City Council.*

One who, in presenting to a city council her claim against the city, joins others as claimants with herself, does not thereby bar her own right to sue on such claim.

(3) *Demurrer.*

A demurrer to a plea reaches back to defects in the declaration.

TRESPASS ON THE CASE for injuries to a private right of way existent over and upon a public way, which was alleged to have been obstructed by excavations therein made by the city. Heard on plaintiff's demurrer to the defendant's pleas in bar.

(1)　　PER CURIAM. The declaration in this case is demurrable for the reason that it sets out only that the plaintiff was possessed of a certain right of way to and from her land over and upon a certain street or highway in said city of Pawtucket. The apparent scope of the declaration is for an injury to a private way. But ordinarily a private way becomes merged in a public way, and the plaintiff does not set out in what respect any private right has been violated, *Ross* v. *Thompson*, 78 Ind. 90 ; Elliot on Roads and Streets, 3 and 4. Although the demurrer is to certain pleas which set up the statute, Gen. Laws R. I. cap. 36, § 16, relating to injuries arising from defects in a highway, which would not be applicable to this suit, and to a plea setting up that the plaintiff had joined others with her as owners of the land in her notice

(2) to the city council, which in the opinion of the court does not bar her right to sue on such claim, still a general demurrer

(3) to the pleadings reaches back to defects in the declaration, and the court is therefore obliged on inspection of the declaration to pronounce it bad.     *Railton* v. *Taylor*, 20 R. I. 279.

*Franklin P. Owen*, for plaintiff.

*James L. Jenks, City Solicitor of the City of Pawtucket*, for defendant.