BUTTERWORTH *v.* BARTLETT ET AL.

HIGHWAY.—*Damages for Vacation.*—*Statute.*—Under the statute on the subject of opening and vacating highways, a party through whose lands an established highway is sought to be vacated is entitled to such damages as he may sustain by the vacation, to be paid as damages for the establishment of a highway are paid.

SAME.—A person through whose land it may be proposed to vacate a highway may remonstrate, on the ground that the highway is of public utility, and in the same remonstrance claim damages in consequence of the proposed vacation.

SAME.—In such case, if the viewers find in favor of the proposed vacation, they may assess such damages as the party objecting may sustain.

From the LaPorte Circuit Court.

*W. H. Calkins* and *M. K. Farrand*, for appellant.

*L. A. Cole*, for appellees.

WORDEN, J.—This was a petition filed by the appellees before the Board of Commissioners of LaPorte County, for the vacation of a certain public highway. Viewers were appointed, who reported in favor of the vacation.

Butterworth, who was the owner of a tract of land through which the road passed, filed his remonstrance against the vacation, on the ground that the highway was of public utility, and on the ground that he would be damaged by the vacation to the extent of one thousand dollars, which sum he claimed.

The board struck out his remonstrance altogether, and ordered the road vacated.

Butterworth appealed to the circuit court, and in that court

the remonstrance was permitted to stand in part, but the court struck out that portion which related to damages, and Butterworth excepted.

The case was then heard by the court on the question of utility, and it was adjudged that the road be vacated.

Butterworth appeals to this court, and has assigned for error, amongst other things, the striking out of that part of his remonstrance which related to damages. The record does not disclose the ground upon which that part of the remonstrance was struck out. It may have been because it was supposed that the appellant could not, under the law, claim damages for the vacation of the highway; or because it was supposed that a party could not unite in the same remonstrance the question of utility and a claim for damages. This court, however, is of the unanimous opinion, that under our statute on the subject of opening, vacating, etc., of highways, particularly sections 19, 20, and 21, 1 G. & H. 363–4, a party through whose land an established highway is sought to be vacated is entitled to such damages as he may sustain by the vacation, to be paid in the same manner as damages for the establishment of a road through one's land. The language of the statute might have been more clear and explicit, but this we regard as the fair and legitimate construction of it. It is eminently right, also; for otherwise a highway might be vacated which afforded the party the only means of ingress and egress to and from his land, being entirely surrounded by the lands of others, as would seem to have been the case here. A party thus left surrounded, without a highway upon which he can get to and from his land, and without damages, and also without the right of condemning land for a private way (see *Wild* v. *Deig*, 43 Ind. 455), would seem to be pretty effectually cut off from any advantages which otherwise he might derive from his land. We have not looked into the legislation of other states on the subject, but we notice incidentally that Massachusetts has a statute giving damages which a party may have suffered " either in laying out, altering, or discontinuing any high-way." *State Lunatic Hospital* v. *County of Worcester*, 1 Met.

437; *Hawkins* v. *County Commissioners of Berkshire*, 2 Allen, 254.

A majority of the court are of the opinion, also, that a person through whose land it may be proposed to establish a highway, or through whose land a highway established is sought to be changed or vacated, may remonstrate on the ground of the inutility of the proposed road, change, or vacation, and in the same remonstrance claim damages in consequence of the proposed road, change, or vacation. In such case, if the reviewers find against the utility of the proposed road, change, or vacation, there are no damages to be assessed. But if they find in favor of the utility of the proposed road, change, or vacation, as the case may be, they may assess such damages as the party objecting may sustain.

Thus it appears that in any view that may be taken of the question involved, the court below erred in striking out the appellant's claim for damages.

The judgment below is reversed, with costs, and the cause remanded, for further proceedings in accordance with this opinion.