## BOWERS ET AL. *v.* SNYDER ET AL.

HIGHWAY.—*Location and Change of.—Successive Remonstrances.—Public Utility.—Damages.—Estoppel.*—Whenever any one is aggrieved by a proposed location, opening or change of a highway, he may, under section 19, 1 R. S. 1876, p. 532, at any time before final action therein by the board of commissioners, set forth his grievances by way of remonstrance, and obtain an assessment of his damages in the mode prescribed by law; and the fact that his remonstrance was first directed solely to the public utility of the proposed location or change of highway, and that reviewers appointed on such remonstrance have made a report that such location

or change is of public utility, does not estop such aggrieved person from afterward presenting his claim for damages, by way of remonstrance on that ground, at any time before final action by the board.

SAME.— *Appeal to Circuit Court.— Trial de novo.*—On appeal from the board of commissioners to the circuit court, in cases concerning the location, vacation or change of highways, there must be a trial *de novo* of the whole case.

From the Tippecanoe Circuit Court.

*G. O. Behm, J. Park* and *A. O. Behm*, for appellants.

*R. P. Davidson* and *J. C. Davidson*, for appellees.

HOWK, J.—In this case the appellees presented their petition, in writing, to the Board of Commissioners of Tippecanoe county, praying for a certain change in a certain highway, in said county. Viewers were appointed by the board of commissioners to view the proposed change of highway, and to make report as to its public utility; and these viewers subsequently made their report, in writing, in favor of the proposed change of the highway and of its "public utility." This report was accepted, and the viewers were discharged, and thereupon all the appellants, except William D. Dubes, appeared and filed their written remonstrance against the opening and change of said highway, upon the ground that the same would not be of "public utility." Upon the filing of this remonstrance, reviewers were appointed by the board to review the proposed change of highway, and afterward these reviewers made their report, in writing, in favor of the proposed change and of its public utility.

All the appellants, including said William D. Dubes, then presented to the board of commissioners their written application for the appointment of reviewers to assess their respective damages occasioned by the proposed change of said highway. Thereupon the appellees moved the board of commissioners to reject the appellants' application for damages on account of the proposed change of said highway, upon the ground that the appellants had

theretofore filed their objections, in writing and by way of remonstrance, against the opening of said proposed change of highway, which remonstrance had been duly acted upon by the board by the appointment of reviewers, who had made their report thereon. The board of commissioners sustained the appellees' motion, and rejected the appellants' application for the appointment of reviewers to assess their respective damages as aforesaid, and the board finally ordered that the report of the reviewers be adopted, and that the highway be changed, located and established, as described in said report. From this final order of the board of commissioners, the remonstrants appealed to the court below.

In the circuit court, the appellants re-filed their remonstrance, praying for the appointment of reviewers to assess their respective damages occasioned by the proposed change of highway, which remonstrance had been rejected by the board of commissioners. Thereupon the appellees moved the court to strike out said remonstrance and to dismiss the appeal. The court sustained the appellees' motion to strike out the remonstrance, to which decision the appellants excepted and filed their bill of exceptions. The motion to dismiss the appeal was overruled. The cause was tried by a jury, and a general verdict was returned for the appellees, that the proposed change of highway, as prayed for in the petition of the appellees, would be of " public utility." Upon the return of the verdict, the record proceeds as follows : " And the defendants now move the court to set aside the general finding of the jury in this behalf, and grant them a new trial of this cause, and have time till the first day of the next term of this court to file their reasons in support of said motion." Without action of any kind on this motion, the cause was continued until the next term ; and on the first day of said term the appellants, over the appellees' objections, were allowed by the court to file their written motion for a new trial.

Afterward, at the same term, the appellees moved the court in writing to reject the appellants' motion and reasons for a new trial, upon the ground that the same were not filed at the term of the court at which the verdict was returned; which motion was sustained by the court, and to this decision the appellants excepted and filed their bills of exceptions. The appellants' motion in arrest of judgment was then overruled by the court, and their exception was duly entered to this decision.

Afterward, at the same term of the court, the appellees moved the court in writing to correct an alleged error in the general verdict of the jury, which motion was sustained, and to this ruling the appellants excepted. Judgment was then rendered by the court, upon the general verdict of the jury as corrected; and from this judgment this appeal is now here prosecuted.

In this court, the appellants have assigned, as errors, the following decisions of the court below:

1. In striking out and rejecting the appellants' claim for damages;

2. In striking out the appellants' motion for a new trial;

3. In overruling their motion in arrest of judgment; and,

4. In amending the verdict of the jury, after they had been discharged, and after the term at which the verdict was returned.

The most important question for decision in this case, as it seems to us, arises under the first alleged error, the striking out and rejecting of the appellants' claim for damages. It will be seen from our statement of this case, that this claim for damages was first rejected by the board of commissioners. It is necessary, therefore, we think, that we should first consider and decide, whether or not the board of commissioners was authorized by law to strike

out and reject the appellants' claim for damages. For, if this decision of the board was unauthorized and erroneous, then the appellants' only remedy for such decision was an appeal to the circuit court, and the renewal there of their claim for the assessment of their damages. In these highway cases, the law is well settled, that there must be a trial *de novo* of the whole case, on an appeal from the board of commissioners to the circuit court. *Sidener* v. *Essex,* 22 Ind. 201; *Hays* v. *Parrish,* 52 Ind. 132; and *Scraper* v. *Pipes,* 59 Ind. 158.

The first question for our decision, therefore, under the first alleged error, may be thus stated: Did the board of commissioners err in sustaining the appellees' motion to reject the application of all the appellants for damages on account of the proposed change of highway, upon the ground that all the appellants, except the said William D. Dubes, had theretofore filed their objections, in writing and by way of remonstrance, to the opening of said proposed change of highway, for the reason that the change was of no public utility, which remonstrance had been acted upon by the appointment of reviewers, who had made their report thereon to the board?

It seems to us that this question must be answered in the affirmative.

In section 19 of "An act to provide for the opening, vacating and change of highways," approved June 17th, 1852, it is provided as follows:

"Sec. 19. If any person, through whose land such highway or change may pass, shall feel aggrieved thereby, such person may at any time before final action of the board thereon, set forth such grievances by way of remonstrance, and the said board shall thereupon appoint three disinterested freeholders, as reviewers, and assign a day and place for them to meet." 1 R. S. 1876, p. 532.

In this case, it is not claimed by the appellees, that the

appellants did not file their application for damages, and set forth therein their grievances by way of remonstrance, before the final action of the board of commissioners on the appellees' petition. But the appellees claim, as we understand their position, that because the appellants, except said William D. Dubes, had first filed their remonstrance against the proposed change of highway, upon the ground that the same was not of " public utility," and because reviewers had been appointed on this remonstrance, and had made a " favorable " report as to the " public utility " of such proposed change of highway, therefore, and by reason of the proceedings thus had, all the appellants, the said Dubes included, were thereby and thereafter estopped and precluded from setting forth their grievances by way of remonstrance, and asserting therein any claim for the damages resulting to them, or either of them, from the proposed change of highway, although such remonstrance was presented and filed " before final action of the board " on the appellees' petition. It was upon this ground that the board of commissioners rejected the appellants' remonstrance or application for damages in this case, and that the court below afterward struck out and rejected the same claim, which had been re-filed therein.

We suppose that these decisions of the board of commissioners, and of the circuit court, were founded, to some extent, upon the same construction of a single clause or sentence of section 24 of the highway act of June 17th, 1852. In section 23 of said act, it is provided, that if any one or more freeholders, residing in the county along the proposed highway, etc., should object to the same, " at any time before final action thereon," as not being of " public utility," other viewers might be appointed, etc., who should report whether or not, in their opinion, the said highway, etc., would be of public utility. In section 24, after stating what action may be taken if a majority

of the viewers should report against the public utility of the highway, etc., it is provided as follows : " But if they report favorable thereto, the objector shall pay the costs of the reviewers, and the highway shall be recorded and ordered to be opened and kept in repair." 1 R. S. 1876, p. 533.

It would seem that both the board and the court below construed this section as if it made a favorable report, as to the " public utility " of the proposed change of highway, final and conclusive, not only as to that question, but also as to the rights of the remonstrants aggrieved by such proposed change, to compensation for the damages occasioned thereby. We can not concur in this construction of the provisions of the statute. It seems to us, that whenever any one is aggrieved by the location, opening or change of a highway, he may, in the language of the statute, " at any time before final action of the board thereon," set forth his grievances by way of remonstrance, and obtain an assessment of his damages, if any, in the mode prescribed by law. We do not and can not think that such person will be, or ought to be, debarred of his right to a just compensation in damages, or estopped from asserting such right, by the simple fact that he first asked that the " public utility " of the proposed highway, or change of highway, should be first investigated and determined. We do not believe that a party waives his right to compensation in damages for grievances occasioned by a proposed highway, or change of highway, by insisting in the first instance that the same is not of " public utility," and asking that this question may be first determined ; for, if it is shown that the proposed highway, or change of highway, is not of public utility, it will not be established, " unless the petitioners will open and maintain the same at their own expense," and in that event, of course, the damages would be settled by contract, and not by law.

The question of the " public utility " of a proposed highway or change of highway, in so far as the remonstrants against it are concerned, naturally precedes the question of damages; for, if the viewers should make report against the public utility of the proposed highway, or change, then there would be no occasion for an assessment of damages.

In the case of *Butterworth* v. *Bartlett*, 50 Ind. 537, it was held by this court, that a party aggrieved by a proposed highway, or change of highway, might remonstrate against the same, upon the ground that it was of no public utility, and at the same time, in the same remonstrance, assert his claim for damages, occasioned by such proposed highway or change. There is no provision in the highway act, which, in terms, authorizes the uniting of such inconsistent claims in one and the same pleading; but it seems to us that the technical rules of pleading are inapplicable to the proceedings had before a county board in highway cases. If the appellants had, in the case at bar, united in their remonstrance their objection to the proposed change of highway upon the ground that it was of no public utility, and their claim for the damages occasioned by such change, we would not have held such remonstrance bad or insufficient. While, under the authority of the case cited, the inutility of the proposed change of highway, and the claim for the damages occasioned thereby, might have been united in one and the same remonstrance, yet it does not follow that they must have been so united, in order to constitute a good remonstrance. Nor does it follow, either logically or legally, as it seems to us, that because the appellants first remonstrated against the proposed change of highway, solely upon the ground that it was of no public utility, they thereby waived the right, in the event that question should be found against them, to present and in-

sist upon their claim for damages, at any time before the final action of the board on the appellee's petition. The appellants had the right, as we construe the statute, to defeat the appellees' petition by showing, if. they could, that the proposed change of highway was of no public utility ; but, if they failed in this showing, we think they well might, at any time before the final action of the board, present and insist upon their claim to damages, by way of a remonstrance on that ground. We are clearly of the opinion, therefore, that both the board of commissioners and the circuit court erred in striking out and rejecting the appellants' claim for damages, in this case.

Other questions have been presented and discussed by counsel, arising under the other alleged errors. But as the conclusions we have reached will reverse the judgment, and probably lead to a new trial, and as those questions relate to matters which may not occur on another trial, we deem it unnecessary for us to extend this opinion with the consideration and decision of those questions.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to overrule the appellees' motion to strike out and reject the appellants' remonstrance or claim for damages, and for further proceedings in accordance with this opinion.