Filed Feb. 29, 1888.

---

No. 12,961. ˙

## THE CITY OF LAFAYETTE v. NAGLE.

MUNICIPAL CORPORATIONS.— *Changing Grade of Street or Alley.—Consequential Damages.*—Under the statute of this State, municipal corporations are liable to abutting lot-owners for consequential damages resulting from a change in the established grade of a street or alley.

SAME.—*Lowering Surface of Alley.—Access to Property.—Special Injury.*—The injury must be special, and not merely such as the public may suffer; and where access to a lot is cut off by lowering the surface of an alley several feet below the previously established grade, there is a special injury, entitling the owner to damages.

SAME.—*Evidence.— Value of Property.— Opinion of Non-Expert.*—It is not necessary that a witness shall be an expert to entitle his opinion as to the value of property to go to the jury; but if it appears that he has an acquaintance with the value of property in the vicinity, his opinion is competent.

| | |
|---|---|
| 113 | 425 |
| 113 | 311 |
| 119 | 144 |
| 120 | 261 |
| 122 | 329 |
| 113 | 425 |
| 124 | 579 |
| 125 | 479 |
| 126 | 438 |
| 113 | 425 |
| 142 | 282 |
| 113 | 425 |
| 145 | 318 |
| 113 | 425 |
| 164 | 35 |
| 113 | 425 |
| 169 | 577 |
| 170 | 497 |

SAME.—*Opinion as to Value of Property Before and After Change of Grade.*— In an action by a lot-owner for damages resulting from a change of grade, it is competent to take the opinion of witnesses as to the value of the property before and after the change was made.

SAME.—*Improvements with Reference to Grade.*—It is not necessary that a lot-owner should have made improvements with reference to a grade as established in order to entitle him to recover damages resulting from a change in the grade, but the fact that improvements have been so made may augment the damages.

SAME.— *Only One Action Maintainable. — Prospective Damages. —*A change in the grade of an alley, done under color of legal right, is presumptively permanent in character, and a lot-owner whose property is injured thereby can not split his cause of action, but must recover all damages, past and prospective, in one action.

From the Clinton Circuit Court.

*W. C. L. Taylor,* for appellant.

*J. Claybaugh,* for appellee.

ELLIOTT, J.—The material facts stated by the appellee as a cause of action are these : In 1875 she became the owner of a lot in the city of Lafayette, along the south line of which is a public alley extending from Earl avenue to Thompson street.   On the 15th day of December, 1879, the grade of the alley was established.   On the 1st of April, 1881, the grade was changed, and the surface of the alley lowered five feet at its intersection with Earl avenue.   This change in the grade destroyed all means of access to the rear of appellee's lot by ordinary vehicles, travel and traffic.

Prior to the enactment of our statute making municipal corporations liable for consequential damages resulting from a change of grade, no action would lie ; but the rule has been entirely changed, and a right of action is vested by the statute in abutting lot-owners who sustain injury from a change. in the established grade of a street or alley.   *City of Kokomo* v. *Mahan,* 100 Ind. 242 ; *City of Logansport* v. *Pollard,* 50 Ind. 151.

To constitute a cause of action there must be a legal injury and resulting damages.   *City of North Vernon* v. *Voegler,*

103 Ind. 314; *City of Kokomo* v. *Mahan, supra.* An illegal change of grade may be regarded as the injury, but without resulting damages no action will lie.

The injury must be special, and not merely such as the public may suffer, for a private person can not recover damages for the unlawful obstruction or destruction of a highway unless he has suffered special damages. *Indiana, etc., R. W. Co.* v. *Eberle,* 110 Ind. 542 (59 Am. Rep. 225); *Sohn* v. *Cambern,* 106 Ind. 302; *Cummins* v. *City of Seymour,* 79 Ind. 491 (41 Am. Rep. 618).

Where, however, access to a lot is cut off, the abutter loses a valuable right, and does suffer injury peculiar to himself, and different both in kind and in degree from that which the public sustains. The right of the abutter is property in the strictest sense, and from him this property can not be taken by the sovereign power without just compensation. *Haynes* v. *Thomas,* 7 Ind. 38; *Common Council* v. *Croas,* 7 Ind. 9; *Butterworth* v. *Bartlett,* 50 Ind. 537; *State* v. *Berdetta,* 73 Ind. 185 (38 Am. Rep. 117); *City of Indianapolis* v. *Kingsbury,* 101 Ind. 200, 211 (51 Am. R. 749); *Indiana, etc., R. W. Co.* v. *Eberle, supra.*

It can not be unknown to courts that streets and alleys add value to lots in a city, for not only is this a fact commonly known, but it is also recognized in many judicial decisions. We, therefore, assume as matter of law, on the facts stated, that the appellee sustained a special injury resulting in damages to her.

It does not require that a witness shall be an expert to entitle his opinion to go to the jury upon a question of the value of property. If it appears that he has an acquaintance with the value of property in the vicinity, his opinion is competent, but its weight will, in a great measure, depend upon the knowledge he is shown to possess. An opinion on such a question may be of little weight, but nevertheless be competent. The rule is thus stated by Mr. Lawson: "The market value of land is not a question of science and skill

upon which only an expert can give an opinion. Persons living in the neighborhood may be presumed to have a sufficient knowledge of the market value of property from the location and character of the land in question." Expert and Opinion Evidence, 435; *Yost* v. *Conroy*, 92 Ind. 464 (47 Am. R. 156).

It was competent to take the opinion of witnesses as to the value of the appellee's property, as it was before the change from the previously established grade and as it was after the change was made. *Yost* v. *Conroy, supra*, and authorities cited; *Louisville, etc., R. W. Co.* v. *Peck*, 99 Ind. 68; *Terre Haute, etc., R. R. Co.* v. *Crawford*, 100 Ind. 550; *Carthage T. P. Co.* v. *Andrews*, 102 Ind. 138 (52 Am. R. 653); *Heick* v. *Voight*, 110 Ind. 279.

There was no error in permitting witnesses to state what experience they had in using alleys, nor was there error in permitting them to state what use could be made of the alley after the grade was changed.

The court was right in instructing the jury that the appellee was entitled to recover if the grade, after having been once established, was changed. The statute authorizes a change of grade only in cases where compensation is made, and where the municipal authorities disobey this statute, the corporation must respond in damages. There is nothing in *Mattingly* v. *City of Plymouth*, 100 Ind. 545, that conflicts with this ruling. We here affirm what was there held, that no action will lie unless the grade has once been established by the corporate authorities.

The city, having disobeyed the law, must suffer the penalty of its disobedience by paying the lot-owner compensation for the injury proximately resulting from its illegal act. The statute does not shield the city except in cases where its directions have been obeyed. If a municipal corporation elects to make the change without tendering or paying compensation as the law requires, a right of action accrues in favor of the abutter as soon as the wrong which causes the

damages is complete. It is the appellant, and not the appellee, that is mistaken as to the theory on which the complaint is constructed. The theory of the complaint is, that the appellant has changed a previously established grade in violation of the statute, and thus inflicted an injury upon the appellee by a wrongful act.

As applied to the evidence in the case and considered in connection with the other instructions, the seventh instruction given by the court is not erroneous. Counsel, in criticising this instruction, say: "Many cases arise in which a permanent obstruction in a highway may become an absolute necessity; under such circumstances no liability would be against the city." Granting, but by no means deciding, that the counsel's proposition is correct, it does not lead to the asserted conclusion. The evidence in this case does not tend to show any absolute necessity for permanently obstructing the alley; what it does show is, that the appellant wrongfully changed the grade of the alley to the special injury of the appellee. Nor is the appellant's proposition at all relevant to the point in dispute, for here the appellee claims damages for a wrongful change of grade, not for an obstruction of the alley.

We agree with appellant's counsel, that without evidence of special injury to her property the appellee could not recover, but we can not agree that the jury was not properly instructed on this point. In several instructions given at appellant's request, the jury were informed that there could be no recovery unless the appellee proved that the value of her property was decreased by the change in the grade of the alley.

It is not necessary that a lot-owner injured by a change of grade should have made improvements with reference to the grade as established in order to entitle him to recover. If the value of the lot is materially impaired, a cause of action accrues. If a street is raised twenty feet above a vacant lot, or lowered forty feet below it, and its value thereby de-

preciated, the owner is entitled to damages. The question in such cases as this is: What is the effect of the unauthorized change of grade upon the value of the abutter's property? The fact that improvements have been made may, perhaps, augment the damages, but the fact that none have been made can not destroy the cause of action.

Where it becomes necessary to construct a sewer in a public street or alley, it may be done, unless to do it requires a change of an established grade. A change of grade, however, can not be made for any purpose without compensation to the abutter injured by the change. Streets and highways may be used for sewerage, but if their construction requires a change of grade compensation must be made to the property-owner specially injured.

The change of the grade of the alley was an act of a permanent nature, and was done by a municipal corporation under claim and color of right. It was not a mere fugitive trespass, but it was a wrongful act, permanent and enduring in its character. The case, therefore, belongs to the class where only one action can be maintained. All the damages, past and prospective, must be recovered, for successive actions can not be prosecuted.

There is a plain distinction between an unlawful act constituting a nuisance and an act wrongful because the authority of the person by whom it is done has been exceeded. There is an equally plain distinction between a mere transient trespass and an act which both litigants treat as of an enduring character.

The case before us illustrates the wisdom of the rule which the authorities sustain. If more than one action can be maintained, then who can place a limit upon their number? If more than one action can be maintained, then each time the appellee is prevented from taking into her lot a load of coal or a load of wood she may sue. Either this must be true, or else all damages, past and prospective, must be recoverable in one action, since at the very foundation of the law of dam-

ages lies the rule that a wronged party shall receive full compensation for the injury he has suffered. A denial of this rule would be a denial of justice. In such a case as this, and in all cases where the thing done is done under color of legal authority, and is permanent, the wrong-doer, while he may not be vexed with many actions, must pay full compensation to the person he has injured. But the public has an interest in these matters, and that interest demands that where one action will fully settle a controversy, and bring the wronged person full compensation, one action only can be maintained.

The grade to which the alley has been brought is, by the act of the corporation, asserted to be permanent, and so it is treated by the appellee. There is, therefore, a recognition of the permanency of the work that caused the injury, and neither the court nor the parties can do otherwise than act upon the presumption that it will remain in its present state. If the wrong-doer would relieve himself of this presumption, he must bring forward countervailing facts, and, until this is done, the presumption must prevail, and one action must forever settle the rights of the parties. An abutter can not restore the grade of a street or alley to that originally established, and it is a natural presumption when a work of an enduring nature is constructed that it is to remain. It would be folly to construct a street, sewer, or other work of a permanent character, and remove or change it, and folly is not to be anticipated from officers of a public corporation, assuming to act under statutory authority. Where the work is temporary in its nature, and not done under claim of legal right, then a different rule obtains, for in such a case the act of the wrong-doer is a mere fugitive trespass, or else it is an abatable nuisance.

Damages to land arising from one permanent wrong, committed under color of legal right, can not be collected in shreds and patches as each new loss arises, but must be recovered in a single action. It is not the damages alone that constitute the cause of action, for a cause of action is com-

posed of both injury and damages. If there is a single injury—and there can be only a single injury where the thing that causes it is permanent—there can be only one action, for a single injury can not be dissected into many parts, and thus made to yield a progeny of actions, limited only by the possibility that a time may come when no new inconvenience or loss can be suffered.

It is not because a wrong-doer persists in doing wrong that one action must cover all damages, but because the permanency of the work done under color of legal authority makes one indivisible injury.  Where the thing done is permanent the injury is not repeated, and where there is no repetition of an injury there can not be successive actions.

In *City of North Vernon* v. *Voegler, supra,* we exhibited the difference between a thing constituting a nuisance, and abatable as such, and a thing wrongfully done under color of authority, which can not be regarded as a nuisance.  We do not care to repeat what was there said, nor to enlarge upon it, further than to say that a grade of a street can not be abated as a nuisance, and, therefore, can not be regarded as governed by the rules which prevail in cases where the wrong constitutes a nuisance.

It is true that there are some plausible objections to the rule that prospective damages may be recovered, but, as Dr. Johnson long since said, there are objections to all propositions ; so the question is not whether there are objections, but whether the reasons in favor of a proposition outweigh those against it.  One who should undertake to find a rule against which no plausible objection could be urged, would find his quest as fruitless as that of the knight of La Mancha. In favor of the rule we sanction are these reasons :  If successive actions are allowed, one injury may be made to constitute many causes of action.  If successive actions are permitted, the rule forbidding the splitting of demands is violated. If many actions may be maintained, a recovery in one may embrace what has been recovered in former actions.  If many

.actions are allowed, the public welfare and convenience are disturbed. But one reason, when it is a good one, like the cat's stratagem in the fable that so pleased Lord Bacon, is enough. That reason is here present, and it is this: One injury constitutes only one cause of action, and one good cause of action entitles the plaintiff to full compensation, but does not entitle him to maintain successive actions.

The principle we here assert is by no means a novel one in this court. *City of Terre Haute* v. *Hudnut*, 112 Ind. 542; *Indiana, etc., R. W. Co.* v. *Eberle, supra; City of North Vernon* v. *Voegler, supra; Burrow* v. *Terre Haute, etc., R. R. Co.*, 107 Ind. 432 (439); *Montmorency Gravel Road Co.* v. *Stockton*, 43 Ind. 328; *Lafayette Plank Road Co.* v. *New Albany, etc., R. R. Co.*, 13 Ind. 90 (74 Am. Dec. 246).

In the case of *National Copper Co.* v. *Minnesota Mining Co.*, 57 Mich. 83 (58 Am. R. 333), Judge COOLEY, as the representative of the court, discussed this question with the ability and learning to be expected of so great a lawyer, and affirmed, what we here affirm, that, where injuries to real property are caused by an act of a permanent character, done under color of legal right, only one action can be maintained.

In the more recent case of *Chicago, etc., R. R. Co.* v. *Loeb*, 118 Ill. 203 (59 Am. R. 341), the question was very fully considered, and a like conclusion reached. The general principle was thus stated in *Elizabethtown, etc., R. R. Co.* v. *Combs*, 10 Bush, 382, 393 (19 Am. R. 67): " The injury in this case, if any, is permanent and enduring, and no reason is perceived why a single recovery may not be had for the whole injury to result from the acts complained of."

In *Central Branch, etc., R. R. Co.* v. *Andrews*, 26 Kans. 702, this principle was asserted and applied to the obstruction of an alley. We do not, however, deem it necessary to further refer to the authorities, for, in *City of North Vernon* v. *Voegler, supra*, we collected and reviewed very many of the cases upon the subject, so that there is no necessity for again discussing

them. Many authorities will be found in Mr. Starr's able article on Prospective Damages, to which we refer without further comment. 26 Am. L. Reg. 281, 345.

In view of the fact that the appellee had a right to recover once for all, the damages can not be regarded as excessive. If there is error in this regard it is against her, and not against the appellant.

Judgment affirmed.

Filed Jan. 18, 1888; petition for a rehearing overruled Feb. 28, 1888.