No. 15,404.

## KINCAID *v.* THE INDIANAPOLIS NATURAL GAS COMPANY ET AL.

EMINENT DOMAIN.— *Public Highway.—Appropriation.* — *Compensation of Abutting Owner.*—The owner of land abutting on a public highway has a special private interest in the land upon which the highway is located which can not be appropriated without compensation.

SAME.—*County Commissioners.—License to Natural Gas Company to Lay Pipes.—Private Property Rights.*—A license granted by the board of commission-

ers to a gas company to lay a line of pipes in a public highway is effect-
ual to convey the right of the county to such highway, but it does not
affect private property rights.

SAME.—*Highway.*— *Use for Other than Highway Purposes.*—*Additional Bur-
den.*—The appropriation of land for a rural highway entitles the local
officers to use it only for highway purposes.   A use for any other than
a legitimate highway purpose is a taking, within the meaning of the
Constitution, since it imposes an additional burden upon the land.

SAME.—*Laying Gas Pipes.*—The laying of gas pipes in a suburban road is-
the imposition of an additional burden, and compensation must be made·
to the abutting owner.

SAME.—*Public Policy.*—*Injunction.*—*Damages.*—Where a gas company, on
the faith of a license from the board of commissioners, expends large·
sums of money in laying its line of pipe in a public highway, and a
large number of citizens acquire rights upon the faith of the successful
prosecution of the enterprise, an abutting owner who, with knowledge
of the facts, stands by without objection until the completion of the
main line and system, can not interfere by injunction to the serious
impairment of the rights of the company and the public, but must seek
his remedy at law, in an action for damages.

From the Hamilton Circuit Court.

*J. A. New, S. E. Urmston, R. .R. Stephenson* and *W. R.
Fertig,* for appellant.

*A. F. Shirts, M. Vestal, T. J. Kane* and *T. P. Davis,* for
appellees.

ELLIOTT, J.—The board of commissioners of Hamilton
county granted the Indianapolis Natural Gas Company the
right to lay pipes in a free gravel road constructed under the
statute of this State at the expense of the land-owners.   The
appellant is an abutting owner in fee of land along the line
of the highway.   Prior to the time this suit was brought the
company had constructed a system of gas-works, and had
laid in the highway a line of pipes for the purpose of sup-
plying the citizens of the city of Indianapolis and others
with natural gas.   In the prosecution of this work the com-
pany had expended many thousands of dollars.   To make
the system effective, and to successfully supply gas, as it had
undertaken to do, it became necessary for the company to
extend its line of pipes so as to connect its main line and

system with additional gas wells which it had drilled and of which it was the owner. This it was undertaking to do at the time the appellant sued out the injunction issued in this case. The trial court dissolved the temporary injunction, and refused to grant a perpetual injunction. From this judgment the appellant prosecutes his appeal.

The license granted by the board of commissioners was effectual to convey the right of the county, such as it had, in the highway, but it did not affect private property rights. *Burkam* v. *Ohio, etc., R. W. Co.*, 122 Ind. 344.

The owner of the fee in a suburban highway has a special proprietary right distinct from that of the public, and this right can not be taken without compensation. In a case decided in 1855 it was held that abutters have a private right distinct from that of the public, which even the Legislature can not take away except to appropriate to a public use upon payment of compensation. *Common Council, etc.*, v. *Croas*, 7 Ind. 9. This doctrine has been steadily adhered to by this court. *Haynes* v. *Thomas*, 7 Ind. 38 ; *Cox* v. *Louisville, etc., R. R. Co.*, 48 Ind. 178 ; *Pettis* v. *Johnson*, 56 Ind. 139 ; *State* v. *Berdetta*, 73 Ind. 185 ; *Ross* v. *Thompson*, 78 Ind. 90 ; *Cummins* v. *City of Seymour*, 79 Ind. 491 ; *City of Logansport* v. *Shirk*, 88 Ind. 563 ; *City of Indianapolis* v. *Kingsbury*, 101 Ind. 200 (211) ; *Terre Haute, etc., R. R. Co.* v. *Bissell*, 108 Ind. 113 ; *Town of Rensselaer* v. *Leopold*, 106 Ind. 29 ; *City of Lafayette* v. *Nagle*, 113 Ind. 425.

The rule declared by our own cases is in harmony with the very ancient and well settled rule that the public acquires, except in cases where the seizure of the fee is authorized, nothing more than a right to pass and repass, and the great weight of authority sustains the doctrine laid down by our decisions.

There is an essential distinction between urban and suburban highways, and the rights of abutters are much more limited in the case of urban streets than they are in the case of suburban ways. We note the distinction between the

classes of public ways, and declare that the servitude in the one class is much broader than it is in the other, but it is not necessary to here mark with particularity the difference between the two classes of public ways, for we are here concerned only with suburban ways.

Subject to the right of the public the owner of the fee of a rural road retains all right and interest in it.   He remains the owner, and, as such, his rights are very comprehensive. *Brookville, etc., Co.* v. *Butler*, 91 Ind. 134; *Shelbyville, etc., T. P. Co.* v. *Green*, 99 Ind. 205 ; *Dovaston* v. *Payne*, 2 H. Bl. 527 ; *Peck* v. *Smith*, 1 Conn. 103; *Trustees, etc., Society* v. *Auburn, etc., R. R. Co.*, 3 Hill, 567.

That the appellant has a special private interest in the land upon which the highway is located, which can not be taken from him without compensation, is quite clear upon principle and authority.

The appropriation of the land for a rural highway did not entitle the local officers to use it for any other than highway purposes, although they did acquire a right to use it for all purposes legitimately connected with the local system of highways.   A use for any other than a legitimate highway purpose is a taking within the meaning of the Constitution, inasmuch as it imposes an additional burden upon the land, and whenever land is subjected to an additional burden the owner is entitled to compensation. The authorities, although not very numerous, are harmonious upon the proposition that laying gas pipes in a suburban road is the imposition of an additional burden, and that compensation must be made to the owner.   *Bloomfield, etc., Co.* v. *Calkins*, 62 N. Y. 386 ; *Bloomfield, etc., Co.* v. *Calkins*, 1 T. & C. (N. Y.) 549 ; *Bloomfield, etc., Co.* v. *Richardson*, 63 Barb. 437 ; *Sterling's Appeal*, 11⅚ Pa. St. 35 ; *Webb* v. *Ohio Gas Fuel Co.*, 16 Weekly L. Bulletin, 121.

The same principle is declared in the cases which hold that drainage pipes can not be laid in rural highways except for public drainage purposes connected with the system of high-

ways. *Murray* v. *Gibson*, 21 Ill. App. Ct. 488; *Indiana, etc., R. R. Co.* v. *Hartley*, 67 Ill. 439; *Board of Trade, etc., Co.* v. *Barnett*, 107 Ill. 507. The cases to which we have referred are well reasoned and are founded on solid principle. We have no hesitation in concluding that the laying of the pipes in the highway was a taking of the appellant's property within the meaning of the Constitution, and that he is entitled to compensation.

It does not follow, however, that a land-owner entitled to compensation for property appropriated to a public use can always maintain injunction. It remains, therefore, to inquire and decide whether the appellant can maintain this suit, for if he is not entitled to an injunction he can not succeed.

The use to which the line of the highway was appropriated was a public one. There can be no doubt that the work of supplying cities with natural gas is a public one for which property may be appropriated under the right of eminent domain. *State, ex rel.,* v. *Indiana, etc., Mining Co.,* 120 Ind. 575; *Carothers* v. *Philadelphia Co.,* 118 Pa. St. 468; *Pennsylvania Natural Gas Co.* v. *Cook,* 123 Pa. St. 170; *Johnston's Appeal,* 7 Atl. R. 167.

There was an assertion of a right to use the highway and the gas company had expended large sums of money on the faith of the license granted to it by the board of commissioners. It had assumed to use the highway for a public purpose, and many citizens had acquired rights upon the faith of the successful and effective prosecution and conduct of the work and business undertaken by the company. The appellant, with knowledge of the facts, made no objection until the completion of the main line and system, but delayed until they had been completed and then asked an injunction. To grant the relief he seeks will, it is clearly inferable, seriously impair the rights of the public as well as those of the gas company. We are satisfied that upon the case made by the evidence, the appellant is not entitled

to an injunction.   In adjudging that he has no right to an injunction, we do not hold that he may not, in a proper case, recover damages for the invasion of his legal rights. What we here decide is, that the case made is not one justifying resort to the extraordinary remedy of injunction. The effect of our decision is that he has mistaken his remedy.

The work in which the gas company is engaged is one in which the general community have an interest, and to arrest the work by injunction would do great injury to many citizens.   Persons other than the company have an interest, and they are so numerous that it is the duty of the courts to protect that interest where it can be done without materially impairing the rights of any private citizen, and that can be done in this instance, for the appellant, in the appropriate action and upon making a proper case, can be fully compensated in damages for all injury that he may have suffered. There is present here an element of public policy which exerts a controlling influence.   The good of the community forbids that one who occupies such a position as the appellant does should be permitted to arrest work essential to the successful discharge of the company's duty to supply the community with fuel in the form of natural gas.   Public policy, as has been demonstrated in analogous cases, requires that the rights of the community should be protected, and the land-owner left to his remedy at law.   *Louisville, etc., R. W. Co.* v. *Beck*, 119 Ind. 124 ; *Louisville, etc., R. W. Co.* v. *Soltweddle*, 116 Ind. 257 ; *Bravard* v. *Cincinnati, etc., R. R. Co.*, 115 Ind. 1 ; *Sherlock* v. *Louisville, etc., R. W. Co.*, 115 Ind. 22 ; *Midland R. W. Co.* v. *Smith*, 113 Ind. 233 ; *Indiana, etc., R. W. Co.* v. *Allen*, 113 Ind. 581.   Nor does this rule operate unjustly, for the land-owner is not deprived of compensation ; on the contrary, the right to compensation is left open to him and it is his own fault if he does not recover full compensation for all the loss he has actually sustained.   Blended with the element of public policy is another influential one, and that is this : The appellant without

objection knowingly permitted the work to proceed until it reached a stage at which it would be ruinous to the company which had invested such large sums of money to stop it by injunction. These two elements, in their combined strength, certainly make a case in which an injunction should, upon plain principles of equity, be denied. *City of Logansport* v. *Uhl,* 99 Ind. 531 (544); *Dodge* v. *Pennsylvania R. R. Co.,* 36 Am. & Eng. R. R. Cases, 180.

Filed June 25, 1890; petition for a rehearing overruled Sept. 17, 1890.