Filed Jan. 8, 1891.

---

No. 14,639.

## LOSTUTTER *v.* THE CITY OF AURORA ET AL.

HIGHWAY.—*Public Street.*—*Abutting Property-Owner.*—The owner of property abutting on a public street has a private property right, distinct from that of the public, of which he can not be deprived without compensation.

SAME.—*Diverting Street to Another Use.*—*Tender of Compensation.*—A street can not be diverted from the use to which it was dedicated, and an additional burden can not be laid upon the property abutting on the street without lawful authority, and after compensation has been paid, or tendered.

MUNICIPAL CORPORATION.—*Maintenance of Pump on Public Street.*—*Nuisance.*—*Urban Servitude.*—A well originally dug in a street by a lot-owner

Lostutter *v.* The City of Aurora *et al.*

may be taken charge of by the corporate authorities, and made fit for convenient public use. A municipal corporation is not guilty of maintaining a nuisance where it does no more than construct a platform around the mouth of a well dug in the street by an abutting property-owner, and causes a pump to be be placed in it for the use and convenience of the public.

SAME.—It is immaterial whether a well, hydrant, fountain, or the like, was dug, or erected, by a municipal corporation as a part of a general plan of improvement, for a thing of that kind, promotive, as it presumptively is, of public convenience, may be adopted by the municipality and maintained for public use.

SAME.—*Officers of.*—*Performance of Duties by.*—*Presumption as to.*—*How Rebutted.*—It can not be presumed that a wrong was committed by the officers of a public corporation. It must be presumed that they rightfully performed their duty. The burden is on the party complaining to rebut the presumption by bringing forward countervailing facts, not by pleading bare conclusions or recitals.

From the Dearborn Circuit Court.

*H. D. McMullen* and *W. R. Johnston,* for appellant.

*W. S. Holman* and *W. S. Holman, Jr.,* for appellees.

ELLIOTT, J.—The appellant owns a lot abutting upon a public street, in the city of Aurora, on which she erected a dwelling-house, in which she and her husband, with their family, reside. The street has been improved, and has long been in general use. Years ago the owner of the lot now owned by the appellant dug and walled a well in the street in front of the lot, and this he did for his private benefit; the city had no interest, and took no part in the work. In time the old well was abandoned, but another was dug by an owner of the lot, for his own convenience. In April, 1887, the city of Aurora, without any legal proceedings, and without the consent of the appellant, who had then become the owner of the lot, caused a platform to be constructed around the mouth of the well, and a pump to be placed in it. The appellant now asserts that the well constitutes a nuisance; that the city has no right to maintain a well in the street; that in doing so it has invaded her rights as an abutting

owner, and she seeks an injunction prohibiting the city from maintaining the well.

It is undoubtedly the law that the abutter has a private property right in the street, distinct from that of the public, of which he can not be deprived without compensation. *Common Council* v. *Croas*, 7 Ind. 9 ; *Haynes* v. *Thomas*, 7 Ind. 38 ; *State* v. *Berdetta*, 73 Ind. 185, and cases cited ; *Town of Rensselaer* v. *Leopold*, 106 Ind. 29 ; *Terre Haute, etc., R. R. Co.* v. *Bissell*, 108 Ind. 113 ; *City of Lafayette* v. *Nagle*, 113 Ind. 425 ; *Kincaid* v. *Indianapolis, etc., Co.*, 124 Ind. 577 ; *Porter* v. *Midland R. W. Co.*, 125 Ind. 476. See, also, authorities collected in note 1, p. 528, Elliott Roads and Streets.

This established principle leads to the doctrine that the street can not be diverted from the use to which it was dedicated, and that an additional burden can not be laid upon the property without lawful authority, and after compensation has been paid or tendered. This much is clear. But an urban servitude is very comprehensive ; it is always much more comprehensive than a suburban one. *Kincaid* v. *Indianapolis, etc., Co., supra.*

The immediate question which arises is whether the urban servitude is broad enough to vest in the municipality the right to maintain a well in the street.

The rights of a municipality vested in it as the owner of an urban servitude authorize it to use the street for many other purposes than that of travel. It is true that its primary character is that of a thoroughfare, upon which citizens have a free right to pass and repass, and it is also true that its character as a street can not be entirely destroyed without compensation to those injured by its destruction. See authorities cited in notes, pp. 662, 663, Elliott Roads and Streets. But while this is true, it is also true that the use of streets is not confined to that of travel ; pipes for water and for gas may be laid in them ; drinking fountains and hydrants may be placed in them, and cisterns may be dug in them. *West* v. *Bancroft*, 32 Vt. 367 ; *Barton* v. *Comm.*, 3

Pa. 259; *Branson* v. *City of Philadelphia,* 47 Pa. St. 329; *City of Cincinnati* v. *Penny,* 21 Ohio St. 499; 2 Dillon Municipal Corp. (4th ed.) 690. See authorities collected in notes, Elliott Roads and Streets, pp. 305, 306.

We can see no reason why a well originally dug by a lot-owner may not become a public convenience for citizens and travellers, and as such maintained by a municipal corporation. The principle asserted by the authorities to which we have referred clearly authorize the conclusion that a well originally dug in a street by a lot-owner may be taken charge of by the corporate authorities, and made fit for convenient public use. Town pumps have long been in existence—long before Hawthorne's historical pump poured forth its rill—and it can not be justly said that a municipal corporation is guilty of maintaining a nuisance where it does no more than maintain a pump in one of its streets.

It is immaterial whether a well, hydrant, fountain, or the like, was dug, or erected, by a municipal corporation as a part of a general plan of improvement, for a thing of that kind, promotive, as it presumptively is, of public convenience, may be adopted by the municipality and maintained for public use. Kindred cases prove that the general principle here involved has long been recognized. *King* v. *West Riding,* 2 East, 342; *Board, etc.,* v. *Washington Tp.,* 121 Ind. 379; *City of Indianapolis* v. *Lawyer,* 38 Ind. 348. See, also, authorities in notes, Elliott Roads and Streets, pp. 22, 34, 35.

We can not presume that a wrong was committed by the officers of a public corporation; on the contrary, we must presume that they rightfully performed their duty. We must, therefore, presume that the officers of the city were not guilty of an actionable wrong in doing what they did in order to put the well in a suitable condition for convenient public use. The burden is on the appellant to rebut this presumption by bringing forward countervailing facts, not by pleading bare conclusions or recitals. Facts are requisite to

constitute a cause of action, and they are wanting in this instance.

Judgment affirmed.

Filed Jan. 8, 1891.