No. 16,173.

THE BOARD OF COMMISSIONERS OF HAMILTON COUNTY
v. THE INDIANAPOLIS NATURAL GAS COMPANY.

HIGHWAY.—*Public Easement in.—Rights of Fee-Owner.—Statute Construed.—Natural Gas.*—The act of February 20, 1889, relating to natural gas companies, does not enlarge the interest of the public in highways, nor diminish the right of the fee-owner in the soil. The land-owner, in the absence of legislation to the contrary, holds the right to permit the incumbrance of the fee with an easement in addition to that of the public to pass and repass upon the highway, when such additional easement does not prejudice the rights of the public therein, all rights being reserved to the fee-owner, which are not inconsistent with the easement of the public for the purpose of travel.

INJUNCTION.—*Natural Gas Company.—Pipe Line.—Highway.—Essential Facts.*—In an action, by the commissioners of the county, to enjoin a natural gas company from laying its pipes in certain highways thereof, where it does not appear that at the time the suit was instituted, the company was attempting or threatening the use of any of such highways for such purposes, the injunction will not be granted.

NATURAL GAS.—*Rights of Company as Affecting Highways.*—The right of natural gas companies to affect the fee of a highway are secured through proceedings in the circuit court against the fee-owner, while as affecting the easement of the public, they are secured through the commissioners of the county.

CANCELLATION OF INSTRUMENT.—*Permit to Use Highway.—County Commissioners.—Natural Gas.*—When a board of county commissioners seeks to cancel a permit by them to a natural gas company to use a highway for its pipe line, it is incumbent on the plaintiff to allege and prove facts entitling it to a rescission, and if the plaintiff fails to

show that defendant has not acted upon the permit in good faith, such failure is fatal to the action, even if the order was voidable.

From the Hamilton Circuit Court.

*W. S. Christian*, for appellant.
*T. J. Kane* and *T. P. Davis*, for appellee.

HACKNEY, J.—The appellant's action was instituted on the 25th day of November, 1889, by complaint alleging, in substance, that on the 4th day of August, 1887, said board granted to the appellee authority to lay gas pipe lines over, upon, and across the highways of Hamilton county; that no power existed in said board to grant such authority, and that on the 2d day of November, 1889, an order was entered by said board rescinding the authority so given; that the appellee, contrary to law and without an order of said board pursuant to the act of February 20, 1889, without consent of the land-owners affected thereby, and without proper legal proceedings to acquire the right, has taken possession of the various highways of the county, and is digging trenches and laying pipes therein, thereby obstructing the free use of said highways for the traveling public, and unlawfully appropriating the property of various citizens of said county for its use without compensation. The prayer of the complaint is that the said grant of authority be canceled, and that the appellee be enjoined from using said highways for the purpose of laying its pipe lines.

As pleaded by the appellant, we are unable to observe the force of the allegations of appellee's conduct as affecting land-owners along the lines of the highways. It is not contended that appellant could enjoin those acts, alone affecting individuals. The theory of the action can only be to prevent the laying of pipe lines in highways, without first securing permission from the board to lay

them, assuming that no power existed in the board to grant such permission until February 20, 1889.

The agreed facts upon which the cause was tried in the lower court shows, that the order of rescission was made without previous notice to the appellee; that the appellee, since November 15, 1889, has not claimed the right, nor entered upon any highway for the purpose of constructing any pipe line without consent of the landowners or the condemnation of the way by legal proceeding, and that no authority has been given the appellee, by the appellant, to lay pipe lines in the highways, since the act of February 20, 1889, went into force.

It does not appear that the appellee was, at the commencement of this suit, attempting or threatening the use of any highway for the laying of pipe lines, or for other purposes. The absence of this fact alone would probably support the finding of the court, but the importance of the interests involved leads us to a more extended review of the questions suggested by the record. The act of February 20, 1889 (Elliott's Supp., section 1016 *et seq.*) does not give the board of commissioners power to affect the ownership in fee of the lands along the line of the highway, and in the lands over which the highway passes. It is provided in the fifth subdivision of section 1016, *supra*, that "wherever the board of county commissioners of the proper county shall so direct, said trenches and pipe lines may be constructed and laid along the right of way of any road or highway." While observing that the Legislature will be presumed to have had in view the distinct rights of the land-owner in the fee, and of the public in the easement in the way, the enactment, by clear implication, recognized such distinction in providing (section 1018) a method of securing, for gas lines, an easement over the lands of the fee owner. It is manifest that the public interests in the

right of way of a road should, so far as preserving the road-bed and drains may be involved, be entrusted to some designated official supervision; the commissioners having public records, and holding stated meetings for the transaction of public business, and having many powers of an administrative and judicial character over the highways of the county, it is natural that such preservation, from the use of the easement sought by gas companies, should be given to the commissioners.

Following immediately the language above quoted from section 1016, *supra*, is a provision for the restoration of the road to its former state, by the company laying pipe lines.

To state the proposition more briefly, we may say that the act recognizes the ownership in fee, of the highways, by the adjacent land-owner, and that an easement therein is held by the public.

The rights of gas companies, to affect the fee, are secured through proceedings in the circuit court against the fee owner, while as affecting the easement they are secured through the commissioners, the chosen guardians of the interests of the public in such highways.

If, as the appellant contends, no power existed in the board to grant the right to use highways by the gas company, at the time it attempted to give that right to the appellee, the order purporting to give the right was either void or voidable. If void, it gave no authority whatever, and would be no protection to the appellee, and its rescission would be an unnecessary act. If voidable, it could not be set aside by the mere *ex parte* act of the appellee. However, this court is committed to the proposition that such an order is effective to confer upon the appellee the right of the county in the highway as distinct from the private property rights of the fee-owners. *Kincaid* v. *Indianapolis Natural Gas Co.*, 124 Ind. 577; *Burkam*

v. *Ohio, etc., R. W. Co.*, 122 Ind. 344. It follows that the order was not void, and, further, if voidable, no facts being alleged or shown in evidence of the extent, if any, to which the appellee, engaged in the public enterprise of supplying natural gas to a large city for fuel and light, may be affected by a rescission of the order, that appellant could not rescind the order so as to deprive the appellee of the uses already established on the faith of such order. It was incumbent upon the appellant to allege and prove facts entitling it to a rescission, and the absence of a showing that appellee had not acted upon the order in good faith, is fatal to appellant's cause, even if the order should be held voidable.

The owners of lands abutting a highway are presumptively the owners in fee to the center of such highway, and such fee includes all rights not inconsistent with the easement of the public for the purpose of travel. *Kincaid* v. *Indianapolis Natural Gas Co., supra; Lostutter* v. *City of Aurora*, 126 Ind. 436; *Shelbyville, etc., Turnpike Co.* v. *Green*, 99 Ind. 205; *Cox* v. *Louisville, etc., R. R. Co.*, 48 Ind. 178; *Burkham* v. *Ohio, etc., R. R. Co., supra.*

Where the easement consists in the right to flood the lands of another, such other possesses all rights in the land, the water, the timber, the ice, etc., not inconsistent with such easement. *Edgerton* v. *Huff*, 26 Ind. 35; *State* v. *Pottmeyer*, 33 Ind. 402; *Julien* v. *Woodsmall*, 82 Ind. 568; *Brookville, etc., Co.* v. *Butler*, 91 Ind. 134. In the last case cited, the rule as applied to riparian proprietors was held to apply to the owner of land adjoining a public highway, and we can see no reason for distinguishing the one class of cases from the other.

In *Shelbyville, etc., Co.* v. *Green, supra*, the owner of the fee was held to possess the power to construct a levee across a turnpike, for the protection of his lands against

the overflow of a water-course. In the opinion in that case, it is said: "A highway is said to be nothing but an easement, comprehending merely the right of the public to pass and repass, and to do all acts necessary to keep the highway in repair. This easement does not embrace any interest in the soil; the freehold continues in the owner of the soil subject to the easement. *Peck* v. *Smith*, 1 Conn. 103. The owner retains every right except the easement belonging to the public. *Trustees, etc.*, v. *Auburn, etc., R. R. Co.*, 3 Hill, 567. And this is the law of Indiana. *Brookville, etc., Co.* v. *Butler*, 91 Ind. 134."

With these established principles, land-owners, in the absence of legislation to the contrary, hold the right to permit the incumbrance of the fee with an easement, in addition to that of the public to pass and repass, upon a highway. This right is only restricted by the rights of the public to preserve the easement from injury.

The enactment of February 20, 1889, as we have said, can not be regarded as enlarging the interest of the public in highways, nor as diminishing the rights of the fee-owner in the soil. It does not appear, in this case, that the rights of the public were being invaded by the appellee; no proof was made that the appellee was threatening an injury to the easement, or was asserting a right inconsistent with the rights of the public.

The action of the court below seems to be fully sustained.

The judgment is affirmed.

Filed April 5, 1893.