Filed Oct. 10, 1893.

No. 853.

## Haslett v. The New Albany Belt and Terminal Railroad Company.

Municipal Corporation.—*Grant of Permission to Construct Railroad Along a Street.*—*Extent of Such Grant.*—*Damages to Abutting Property Owner, when Recoverable.*—A municipal corporation has the right to grant permission to a railroad company to build its tracks over and upon its streets, but such grant does not transfer any proprietary rights of the persons owning lands abutting on such streets, such permission being simply a grant of the right to share with the general public the use of the easement, and to that extent the power of the city is unlimited; but such a grant does not impair or destroy the right of an abutting land-owner, owning the fee in the street, to recover damages for the additional burden imposed upon his land. If, however, the railroad is not constructed upon that part of the street in which he owns the fee, before he can recover damages he must allege and prove injuries to his property different from those sustained by the general public. A proceeding based upon sections 905–909, R. S. 1881, can only be available when there has been an actual taking of property.

From the Floyd Circuit Court.

*C. L. Jewett* and *H. E. Jewett*, for appellant.

*A. Dowling*, for appellee.

Ross, J.—The appellant filed his application in the court below for a writ of assessment of damages, under sections 905–909, R. S. 1881.

The appellee was duly notified, a jury empaneled, and

damages assessed in the sum of five hundred and ten dollars. The appellee filed exceptions to the award. After issues joined, the cause was submitted to a jury for trial, and a verdict returned in favor of the appellee. The appellant thereupon filed his motion and causes for a new trial, which was overruled by the court, and judgment rendered on the verdict in favor of the appellee. The appellant has assigned but one error in this court, namely, that the court erred in overruling appellant's motion for a new trial.

The causes upon which appellant's motion for a new trial was based, in addition to the statutory ones, relate to the giving and refusal to give instructions. The facts, as stated by the parties and as disclosed by the evidence, are substantially as follows: That the appellant, at the commencement of this action, and for more than twenty years prior thereto, was the owner of the east half of lot fourteen, on Upper Water street, in the city of New Albany, Indiana, fronting thirty feet on said street and extending back therefrom the same width northward one hundred and thirty feet. Upper Water street is located along the north shore of the Ohio river, with a defined width marked by given lines, but no lots were ever laid out between said street and the river. There is a bank and strip of ground lying between the south line of said street and the river, which varies in width as the water is high or low; that it is unenclosed, but had been regularly sold and conveyed from time to time by the original owners and their grantees. Said street was so laid out and platted in the year 1816, by the original proprietors of the land on which said city is situated, one hundred feet in width, and that part thereof in front of and adjoining appellant's property is improved to the width of about twenty-seven feet, the residue of the street in front of his property being unimproved. Under the terms of

a resolution passed by the common council of said city, in 1890, the appellee constructed an elevated railroad along the south side of Upper Water street, no part of said railroad being constructed on or occupying the north half or part of said street adjacent to appellant's property; that by reason of the constructing of appellee's railroad the appellant's property has depreciated in value, and he is discommoded and disturbed in its use thereby.

The appellant's contention is that upon the facts presented, two questions arise, entitling him to recover, first, that as the owner of the east half of lot fourteen, fronting on Upper Water street, he was the owner of all of said street in front of his property, subject to the right of the public to use the same as a street, and, second, that as the owner of said lot, he had such an easement in the street, for light, air, and access, that the building of an elevated railroad upon the same beyond the middle of the street was such an appropriation as would entitle him to damages.

In support of these contentions, the appellant insists that the south line of Upper Water street, as originally laid out and platted, was upon the north shore line of the Ohio river, and that no land was reserved by the original owners between said street and the river, therefore the owners of lots abutting on the north side of said street not only owned the entire width of the street, but were the riparian owners of the banks and river.

In this State, it is now settled that ordinarily the owner of a lot or parcel of ground bordering on a street in a city or town is the owner of the fee to the middle of the street in front of such premises, subject only to the easement of the public to use the same as a street. *Cox* v. *Louisville, etc., R. R. Co.*, 48 Ind. 178; *Terre Haute, etc., R. R. Co.* v. *Scott*, 74 Ind. 29; *Terre Haute, etc., R. R.*

*Co.* v. *Rodel*, 89 Ind. 128; *Board, etc.,* v. *Indianapolis Natural Gas Co.*, 134 Ind. 209, 33 N. E. Rep. 972.

Until the decision in *Cox* v. *Louisville, etc., R. R. Co., supra*, it was unsettled in this State just what interest a property owner had in an abutting street. That he had some interest separate and distinct from that of the general public, and greater than any interest of a stranger, was always conceded. *Conner* v. *President, etc.*, 1 Blackf. 43; *Common Council of Indianapolis* v. *Croas*, 7 Ind. 9; *Haynes* v. *Thomas*, 7 Ind. 38; *Tate* v. *Ohio, etc., R. R. Co.*, 7 Ind. 479; *Protzman* v. *Indianapolis, etc., R. R. Co.*, 9 Ind. 467; *City of Delphi* v. *Evans*, 36 Ind. 90.

Upon just what theory it has been held that the fee of one-half the street belongs to the property on the side adjacent thereto, is not clear. We may assume, however, that it is upon the hypothesis that the property owners on both sides thereof have each donated one-half of the land over which the easement has been granted. Upon that theory, one-half of the street would be a part of the lot itself, and a conveyance of the lot describing it simply by its platted number would convey the fee to one-half the street adjacent thereto. *Terre Haute, etc., R. R. Co.* v. *Rodel, supra.*

A conveyance of property abutting on a street may be limited so as not to convey the fee in the street.

An owner of a lot abutting on a street in a town or city has a distinct and separate interest from the public in the easement in such street, in that his rights and interests are legally inherent in the lot itself, affording him the free and convenient use thereof. This property right can not be taken from him or even impaired, without compensation. *Egbert* v. *Lake Shore, etc., R. W. Co.*, 6 Ind. App. 350, 33 N. E. Rep. 659; *Butterworth* v. *Bartlett*, 50 Ind. 537; *State* v. *Berdetta*, 73 Ind. 185; *Ross* v. *Thompson*, 78 Ind. 90; *City of Indianapolis* v. *Kingsbury,*

MAY TERM, 1893.        607

Haslett v. The New Albany Belt and Terminal Railroad Company.

101 Ind. 200; *Town of Rensselaer* v. *Leopold*, 106 Ind. 29; *City of LaFayette* v. *Nagle*, 113 Ind. 425; *Burkam* v. *Ohio, etc., R. W. Co.,* 122 Ind. 344; *Kincaid* v. *Indianapolis Natural Gas Co.,* 124 Ind. 577; *Lostutter* v. *City of Aurora,* 126 Ind. 436.

If property has been adjusted to a street as laid out, buildings erected and other improvements made with reference thereto, any change in the street, either by the city itself or others with its consent, which would injure said property by shutting off the means of ingress and egress, subjecting it to the risk of fire or in any manner interfering with its free use and enjoyment the same as before the change was made, such change would entitle the property-owner to compensation. *Cummins* v. *City of Seymour,* 79 Ind. 491; *Town of Rensselaer* v. *Leopold, supra; Chicago, etc., R. R. Co.* v. *Eisert,* 127 Ind. 156.

The existence of a permanent obstruction in a street in front of property abutting thereon is such an unlawful act as injures the rights of the owner, which are incident to the enjoyment of his property, to have the street maintained free of obstructions to its full width and extent. *State* v. *Berdetta, supra; City of Indianapolis* v. *Kingsbury, supra.*

The appellant is the owner of the fee of Upper Water street to the middle of the street on the side adjacent to his lot, but it does not follow that, simply because there was no platted land or lots on the south side of the street, between the street and the river, he is also the owner of the fee of the other half. The fee of the south side of the street remains in the original owners and their grantees, as do the riparian rights.

Counsel for appellant have cited the case of the *Village of Wayzata* v. *Great Northern R. W. Co.,* 52 N. W. Rep. 913, and insist that it decides the question presented in this case. Even if we were to agree with counsel as to

the extent of that decision, we should at least doubt its correctness.    In that case, however, a street was platted, and the controversy was as to the boundary of the street. There the street was bounded, not by a stated line, but by the lake.

The court says:  "Where the southern boundary of the street runs is a question of intention to be ascertained by the plat itself, there not appearing to have been any monuments placed on the ground to mark such boundary.   It can hardly be supposed it was the intention to make the street along that part of it just one hundred feet wide, for the most obvious and natural means to indicate such intention was to continue the short lines we have mentioned across the water till they met.   The fact that they stop at the water shows that they were not intended to indicate the boundary any further.   There is nothing else to indicate it, but the natural object, the lake; and that must be taken to have been the boundary intended."

A municipal corporation has the power and a right to grant permission to a railroad company to build its tracks over and upon its streets, but such grant does not transfer any proprietary rights of the persons owning lands abutting on such streets.    Such permission is simply a grant of the right to share with the general public the use of the easement.    To that extent the power of the city is unlimited.    Such a grant does not impair or destroy the right of an abutting landowner, owning the fee in the street, to recover damages for the additional burden imposed upon his land.    If the railroad is not constructed upon that part of the street, the fee of which is in the person seeking damages, he must allege and prove injuries to his property different from those sustained by the public.    *Indiana, etc., R. W. Co.*

v. *Eberle,* 110 Ind. 542; *City of Lafayette* v. *Nagle,* *supra.*

The sections of the statute under which these proceedings were instituted and prosecuted contemplate the assessment of damages only in case of an actual taking of property. The railroad is not located upon that part of the street owned by appellant, and no part of his lot has been taken, hence he is not entitled to recover in this action.

Judgment affirmed.

Filed September 27, 1893.